## PENNELL v WALKER et

Ohio Appeals, 1st Dist, Hamilton Co

No 5955. Decided May 12, 1941

Roy L. Struble, Cincinnati, and Leo A. Burke, Cincinnati, for appellant.

Louis Capelle, Cincinnati, and Thorndyke & Becker, Cincinnati, for appellees.

**OPINION**

By MATTHEWS, PJ.

This action comes before the court upon the defendants' general demurrer to the petition.

The petition sets forth a cause of action for damages on account of personal injuries resulting to the plaintiff through the defendant, Junius Franklin Walker's negligent operation of an automobile. These allegations are followed by averments that the tort-feasor was the owner of an undivided one-half interest in certain real estate at the time, which he conveyed to the other defendant, his wife, two days after he had negligently injured the plaintiff and that this transfer was made without consideration, and with the intent to defraud the plaintiff, to the knowledge of the grantee.

The prayer is that the transfer be declared fraudulent, and in violation of the plaintiff's rights, and that the grantee be declared a trustee for the benefit of the plaintiff and that both defendants be enjoined from encumbering or transferring said real estate.

The general outline of this petition shows that the pleader's purpose is to sequester and hold this property, that could not be reached by execution, and have it eventually applied to the satisfaction of her claim. The action is predicated upon §§8618 and 11106 GC relating to fraudulent conveyances.

The question raised by this demurrer is whether this petition states a cause of action.

It will be observed that there is no statement of the extent of the damage in money and no prayer for a money judgment.

It will also be observed that there is no allegation that the plaintiff has reduced her claim for damages on account of personal injuries, to a judgment. Nevertheless, it is urged that under the laws of Ohio she is entitled to the relief prayed for, and that relief consists in having the grantee declared a trustee for plaintiff's benefit and both defendants enjoined from encumbering or disposing of the property without any limitation on the time the status thus created should continue, and without any indication of the ultimate disposition of the trust property. It was stated in oral argument that the plaintiff has pending another action in the Common Pleas Court, in which she is seeking to recover a money judgment on account of the tort alleged in this petition, but there is no

suggestion of that in this petition. Whether the inclusion of such an allegation would strengthen it, we do not consider.

The allegations of this petition raise the question of whether a person receiving personal injuries as the result of a tort can maintain a creditor's bill or action in the nature of a creditor's bill to have a conveyance set aside, the grantee declared a trustee and enjoined from disposing of the property without first reducing the tort claim to a judgment.

It is clear that this could not be done by a simple contract creditor in the absence of a statute. A prior judgment was an indispensable prerequisite to such a proceeding in chancery. But it is said that this rule has been changed by §11106 GC, by which it is enacted that:

"Any creditor or creditors, as to whom any of the acts or things prohibited in the next four preceding sections are void, whether the claim of such creditor or creditors has matured or will thereafter mature, may commence an action in a court of competent jurisdiction to have such acts or things declared void. * * *"

The real problem is to determine the meaning of the word "creditor" as used in this statute, which has been in force for more than seventy-five years. So far as we are advised the Supreme Court has never had occasion to construe this statute in an action by a tort claimant prior to judgment, but in the case of **Pfisterer v The Toledo, Bowling Green & Southern Traction Co., 89 Oh St 172,** the court was required to determine when a tort claimant, who had reduced his claim to judgment, became a creditor within the meaning of §8618 GC. This was made necessary by the fact that the conveyance assailed was made in the interim between the commission of the tort and the rendition of the judgment thereon. The court held as

stated in the first paragraph of the syllabus, that:

"An incorporated company made a conveyance of all its property, including its franchise. At the time of the conveyance, the plaintiff had a valid cause of action against it for personal injury caused by its negligence, upon which he brought his action, after the conveyance, and recovered judgment for $1250. Held: He is a subsequent creditor, and in a suit by him to subject the property thus transferred into the hands of the purchaser to the payment of his judgment, the transfer will be set aside only upon proof of the grantor company's actual intent to defraud its creditors. **(Evans et v Lewis, 30 Oh St 11,** approved and followed).

**Wheeler v Kuntsbeck, 31 Oh Ap 338; Evans v Lewis, 30 Oh St 11.**

And in applying §11106 GC, the Courts of Appeals have construed it to mean that a tort claimant is not a creditor until he has reduced the claim to judgment. **Penick v Penick, 5 Oh Ap 416. Kushmedur v Overton, 26 Oh Ap 74. Friedel v Wolfle, 41 Oh Ap 564. Edwards v Monning, 63 Oh Ap 449.** This last cited case was affirmed by the Supreme Court in **137 Oh St 268,** and while the court stated that it modified the rule announced in Evans v Lewis and Pfisterer v Traction Co., supra, it nevertheless held that the status of a tort claimant who obtained a judgment after the conveyance was that of a subsequent creditor, notwithstanding the commission of the tort before the conveyance. The first paragraph of the syllabus is:

"After obtaining a judgment in an action to recover for the wrongful death of her husband, a widow is a subsequent creditor of a tort-feasor who, with knowledge of the husband's serious injury and the probability of his death, made an immediate voluntary and gratuitous conveyance of his property and thereby rendered himself insolvent with the actual intent to de-

fraud the widow: (Evans v Lewis, 30 Oh St 11, and Pfisterer v Toledo, Bowling Green & Southern Traction Co., 89 Oh St 172, modified).

We, therefore, hold that the procurement of a judgment for money based on the tort is an ▮▮▮ essential allegation of a cause of action by a tort claimant to sequester equitable assets on the ground of fraud under the Ohio statutes. As the petition in this case contains no such allegation, it fails to state a cause of action.

The demurrer is sustained.

ROSS & HAMILTON, JJ., concur.