FALK, ADMR., APPELLEE AND CROSS-APPELLANT, *v.* MONNING, APPELLANT AND CROSS-APPELLEE.

(No. 6099—Decided April 13, 1942.)

*Mr. Sol Goodman* and *Mr. Harry Falk,* for appellee.
*Mr. William R. Collins* and *Mr. Raymond Huwe,* for appellant.

By THE COURT. The estate of the plaintiff's decedent, as a judgment creditor of John Frederick Monning, instituted a prior action against the defendant, appellant herein, and The First National Bank of Norwood to set aside a conveyance to the defendant of an undivided one-half interest in certain real estate of which the defendant owned the other undivided one-half.

The allegations of the petition in that case were that the plaintiff had a lien upon the one-half conveyed in fraud of the rights of the decedent's estate as a judgment creditor and that the defendant was a trustee of that undivided one-half. While The First National Bank of Norwood was made a party, there was no allegation as to the nature of its interest in the undivided one-half.

There was no allegation that the defendant had wrongfully transferred the one-half to an innocent purchaser or mortgagee and no prayer for a personal judgment based on such a wrongful act.

It developed at the trial of that case that The First National Bank had loaned $2,000 and taken a mortgage upon the entire title, without any knowledge of the fraudulent conveyance to the mortgagor of the undivided one-half by John Frederick Monning.

The court, having found that the conveyance was fraudulent, charged the defendant as a trustee of the undivided one-half, but subject to the Norwood bank mortgage, ordered the entire title sold, the costs paid, the one-half owned by defendant first subjected to the payment of the bank's mortgage and any unpaid balance satisfied out of the one-half fraudulently conveyed to defendant and any balance applied on the plaintiff's judgment.

No provision was made for reimbursing the plaintiff in the event, which actually happened, of part of the one-half fraudulently conveyed being used to satisfy the bank mortgage, and no personal judgment for money was either prayed for or rendered.

The instant action is for a personal judgment for the amount ($647.88) of the proceeds of the one-half fraudulently conveyed that were taken to satisfy the debt of the defendant to the bank.

The trial court rendered judgment for $345.91, and both parties have appealed from that judgment.

According to the allegations of the petition, the action to set aside the fraudulent conveyance and subject the undivided one-half to the plaintiff's judgment was *quasi in rem*. 27 Ohio Jurisprudence, 595, Section 385. In view of the bank's lien upon the entire title and its cross-petition for foreclosure, it involved the sale of the entire title and the partition of the

proceeds, but as there was no prayer for a personal judgment, there was no such issue in the case. 27 Ohio Jurisprudence, 670, Section 493.

In 23 Ohio Jurisprudence, 726, Section 356, it is said of judgment *in rem*: "The judgment rendered binds the property subjected to the jurisdiction of the court, but beyond this the judgment is of no validity * * *. When it has converted the property it is *functus officio,* and vitality remains to it no longer for any purpose."

We are therefore of the opinion that when the defendant gave a mortgage on the premises, of which she was a fraudulent grantee, she committed a wrong or tort against the fraudulent grantor's creditors, and that there is no bar to this action to recover the damage resulting to the creditors because of the wrong.

Had no fraudulent conveyance been made, there would have been some costs necessarily incurred by the plaintiff in subjecting this undivided one-half to the payment of the judgment. The trial court rendered judgment for less than the difference between the selling price and the amount received by the plaintiff in the action in which the property was sold. Presumably, that difference represents the normal costs of execution which would have been incurred on a sale on execution. Our attention has been called to nothing in the record that would overcome this presumption.

The judgment is affirmed.

*Judgment affirmed.*

MATTHEWS, P. J., ROSS and HAMILTON, JJ., concur.