STEIN ET AL., CO-EXRS., *v.* BROWN ET AL.; DUDOCK, APPELLEE; JONES, ADMX., APPELLANT.

[Cite as Stein *v.* Brown (1985), 18 Ohio St. 3d 305.]

(No. 84-1798—Decided July 24, 1985.)

*Ernest R. Stein,* for co-executors.

*Jerry Montgomery,* for appellee Dudock.

*Nukes & Perantinides Co., L.P.A., Paul G. Perantinides* and *Linda T. Teodosio,* for appellant.

HOLMES, J. This appeal presents a case of first impression. The issue is whether appellee, as a will beneficiary, can effectively disclaim his inheritance pursuant to R.C. 1339.60 under the facts herein. The appellate court held that the disclaimer was valid. For the reasons which follow, we disagree.

The ambit of authority to disclaim a testamentary succession to real and personal property is contained within R.C. 1339.60(B). In relation to this appeal, subsection (1) provides:

"A disclaimant, other than a fiduciary under an instrument who is not authorized by the instrument to disclaim the interest of a beneficiary, may disclaim, in whole or in part, the succession to any property by executing, delivering, filing, and recording a written disclaimer instrument in the manner provided in this section."

Generally, the motives of the beneficiary which prompt a renunciation of a devise or bequest are immaterial and do not affect the validity of the renunciation. 80 American Jurisprudence 2d (1975) 653-654, Wills, Section 1597; Annotation (1964), 93 A.L.R. 2d 8, 64, Section 32[b]. The only Ohio case on point establishes that such motives are immaterial in the absence of fraud or collusion. *Ohio Natl. Bank* v. *Miller* (App. 1943), 41 Ohio Law Abs. 250, 253 [25 O.O.2d 465]. However, there is a divergency of case law from other jurisdictions concerning the issue of whether a beneficiary has a right to renounce despite any claims of his creditors.

Prior to the promulgation of the Uniform Fraudulent Conveyance Act, most jurisdictions held to the view that the beneficiary's right to renounce his testamentary interest was absolute even against creditors. This rule was derived from the theory that a person could not be compelled to take property against his will, and the legal fiction that the renunciation relates back to the time the bequest was made by the testator. See, *e.g., People* v. *Flanagin* (1928), 331 Ill. 203, 162 N.E. 848; *Schoonover* v. *Osborne* (1922), 193 Iowa 474, 187 N.W. 20; *Bradford* v. *Calhoun* (1908), 120 Tenn. 53, 109 S.W. 502.

With their respective adoption of fraudulent conveyance standards, an ever-increasing number of states have ruled that a renunciation is a transfer of property in that it passes title of the beneficiary's share of the estate to another person, and such renunciation when done to defraud a creditor is susceptible to attack by the creditor. This trend in the law followed the lead of Justice Traynor of the California Supreme Court who found the right to renunciate closely analogous to a general power of appointment and, therefore, subject to the scrutiny of the fraudulent conveyance statutes. *In re Kalt's Estate* (1940), 16 Cal. 2d 807, 108 P. 2d 401. See, *e.g., United States* v. *Johnston* (W.D. Ark. 1965), 245 F. Supp. 433; *Jahner* v. *Jacob* (N.D. 1977), 252 N.W. 2d 1; *Montana Natl. Bank* v. *Michels* (Mont. 1981), 631 P. 2d 1260; *In re Estate of Reed* (Wyo. 1977), 566 P. 2d 587. Today, we join this trend because the power to vest title in another is the equivalent of a transfer of that property.

The Ohio General Assembly adopted its version of the Uniform Fraudulent Conveyance Act in 1961. R.C. 1336.01 *et seq.* Appellant's cause of action is premised on R.C. 1336.07 which states:

"Every conveyance made and every obligation incurred with actual intent, as distinguished from intent presumed in law, to hinder, delay, or

defraud either present or future creditors, is fraudulent as to both present or future creditors."[1]

It must initially be determined whether appellant is a "creditor" within the statutory provision. "Creditor" is defined in R.C. 1336.01(C) as "a person having any claim, whether matured or unmatured, liquidated or unliquidated, absolute, fixed, or contingent." We find that appellant, as administratrix of her son's estate, satisfies the definition.

An individual possessing a cause of action in tort is a "creditor" within the meaning of R.C. 1336.01(C) and has the right to question an alleged fraudulent conveyance. *Foster* v. *Gibson* (1964), 120 Ohio App. 235. See 37 American Jurisprudence 2d (1968) 818-819, Fraudulent Conveyances, Section 145; Annotation (1960), 73 A.L.R. 2d 749. Cf. *Pennell* v. *Walker* (1941), 68 Ohio App. 533 [23 O.O. 263]. This conclusion is clearly warranted by the language of the statute which includes unmatured, unliquidated, or contingent claims. Thus, a tort claimant becomes a creditor within the meaning of R.C. 1336.01(C) at the moment in which the cause of action accrues.

R.C. 1336.07 provides that every conveyance made with actual intent to hinder, delay, or defraud a present or future creditor is fraudulent. The plain meaning of the statute dictates that a conveyance is illegal not only if made with the intent to defraud a creditor, but it is also unlawful if made with the intent to hinder or delay such creditor. *Shapiro* v. *Wilgus* (1932), 287 U.S. 348.

It is rudimentary that the issue concerning fraudulent intent is to be determined in view of the facts and circumstances of each case. The burden of proof in an action to set aside a fraudulent conveyance must be affirmatively satisfied by the complainant. 37 American Jurisprudence 2d (1968) 872-873, Fraudulent Conveyances, Section 216; 51 Ohio Jurisprudence 3d (1984) 96-98, Fraud and Deceit, Section 236. Due to the difficulty in finding direct proof of fraud, courts of this state began long ago to look to inferences from the circumstances surrounding the transaction

---

[1] Two related provisions deserve additional citation because each encompasses the notion of constructive fraud in conveyance-type cases.

R.C. 1336.04 provides:

"Every conveyance made and every obligation incurred by a person who is or will be thereby rendered insolvent is fraudulent as to creditors without regard to his actual intent if the conveyance is made or the obligation is incurred without a fair consideration."

R.C. 1336.06 also states:

"Every conveyance made and every obligation incurred without fair consideration, when the person making the conveyance or entering into the obligation intends or believes that he will incur debts beyond his ability to pay as they mature, is fraudulent as to both present and future creditors."

The former requires evidence of the transferor's insolvency which was lacking in the record herein. Therefore, we are precluded from utilizing the provision. However, while our analysis might have hinged on the constructive fraud theory within the latter provision, we believe the facts of this case are sufficient to proceed under the actual fraud theory of R.C. 1336.07.

and the relationship of the parties involved. *Gleason* v. *Bell* (1915), 91 Ohio St. 268; 51 Ohio Jurisprudence 3d (1984) 103-104, Fraud and Deceit, Sections 240 and 241.

In the instant case it is clear that if appellee's disclaimer is allowed, his portion of the estate will pass to his children under the anti-lapse statute, or to his sister pursuant to the language contained in the testamentary document. We believe this fact coupled with the other circumstances of the case clearly establishes actual intent to defraud on the part of appellee. Just four days after the accident, and on the very day that appellant's wrongful death action accrued, appellee voluntarily conveyed to his wife his entire interest in their residential property for the sum of one dollar. This amount of grossly inadequate consideration from one spouse to another must be viewed with great suspicion. In fact, this court has traditionally held that this type of conveyance is *prima facie* fraudulent as it relates to creditors. See *Fowler* v. *Trebein* (1866), 16 Ohio St. 493, and its progeny. See, also, *Ursak* v. *Sivanick* (1937), 56 Ohio App. 434 [9 O.O. 217]. In a further attempt to divest his future assets, appellee sought to renounce his inheritance with full knowledge that the proceeds would pass to close family members. When viewed with the totality of the circumstances herein, we simply cannot condone such action.

Therefore, we hold that where a will beneficiary seeks to disclaim an inheritance pursuant to R.C. 1339.60(B) with the actual intent to defraud a present or future creditor, the renunciation is a fraudulent conveyance under R.C. 1336.07.

Accordingly, appellee's disclaimer has no legal effect and the judgment of the court of appeals is reversed on the issue presented to this court.

*Judgment reversed.*

CELEBREZZE, C.J., SWEENEY, LOCHER, C. BROWN, DOUGLAS and WRIGHT, JJ., concur.