In Re Roscoe R. BETZ, Jr., Debtor.

Patrick A. McGRAW, Trustee, Plaintiff,

v.

Roscoe R. BETZ, Jr., Defendant.

Bankruptcy No. 87–0092.
Related Case No. 84–00990.

United States Bankruptcy Court,
N.D. Ohio, W.D.

Dec. 1, 1987.

Robert H. Welly, Mary Ann Whipple, Toledo, Ohio, for plaintiff.

Edward F. Zoltanski, Toledo, Ohio, for defendant.

L. Mari Taoka, Toledo, Ohio, trustee.

Stephen P. Harbeck, Washington, D.C., for SIPC.

## MEMORANDUM OPINION AND ORDER

RICHARD L. SPEER, Bankruptcy Judge.

This cause comes before the Court after Trial on the Issue of Debtor's Right to Disclaim His Interest in an Inheritance. At the Trial, the parties had the opportunity to present the evidence and arguments they wished the Court to consider in reaching its decision. The Court has reviewed the evidence and arguments, as well as the entire record in this case. Based on that review, and for the following reasons, the Court finds that the Trustee's Objection to the Debtor's Right to Disclaim His Interest in an Inheritance should be Sustained.

## FACTS

The Debtor–Defendant in this case, Roscoe R. Betz, Jr., (hereinafter "Mr. Betz") became a general partner in the Bell & Beckwith brokerage in late 1969 or early 1970. On February 5, 1983, the customers of Bell & Beckwith were declared in need of protection by the United States District Court for the Northern District of Ohio, Western Division. The brokerage had been rendered insolvent because of the systematic diversion of millions of dollars by Bell & Beckwith's managing partner, Edward P. Wolfram, Jr. Mr. Betz continued as a general partner through the time the fraud was discovered and the liquidation proceedings were commenced. At no time was it ever alleged that Mr. Betz participated or was in any way connected with the fraud of Wolfram.

On June 15, 1984, Mr. Betz, filed for protection under 11 U.S.C. Chapter 11. On February 4, 1985, Patrick A. McGraw, Trustee in the Bell & Beckwith estate, filed suit against Mr. Betz and the other Bell & Beckwith partners under Ohio partnership law. The Trustee's lawsuit seeks more than Thirty (30) Million Dollars from the partners for deficiencies in the funds of the Bell & Beckwith estate to pay all allowed claims in the liquidation proceeding. The Trustee contends that pursuant to Ohio partnership law, each of the partners, including Mr. Betz, are jointly and severally liable for the full amount of the deficiency. On February 17, 1987, Mr. Betz converted his Bankruptcy case to a proceeding under Chapter 7.

In February of 1987, Frances I. Betz, the mother of Mr. Betz, died. In her Last Will and Testament, Frances I. Betz left the bulk of her estate to her "surviving children, per capita". Frances I. Betz had two (2) children, Fredrick Von Owen Betz and the Debtor–Defendant. At the time of the Trial, Mr. Betz estimated his mother's estate to be worth between Two Hundred and Fifty Thousand Dollars ($250,000.00) and Three Hundred Thousand Dollars ($300,000.00). The bulk of her estate consists of stocks and bonds.

Mr. Betz seeks to disclaim his interest in his mother's estate under O.R.C. § 1339.60(B). While he did not deny that one of the reasons for his desire to disclaim is to prevent creditors from reaching the proceeds of his mother's estate, Mr. Betz also asserted that there are valid estate planning considerations which were involved in his decision. He never stated exactly what those considerations were. Counsel for Patrick A. McGraw argued that the major purpose behind Mr. Betz's desire to disclaim his inheritance was to prevent the Trustee of the Bell & Beckwith estate, and other creditors, from reaching his share of his mother's estate.

## LAW

The Debtor–Defendant seeks to disclaim his inheritance pursuant to O.R.C. § 1339.60(B)(1), which provides:

(B)(1) A disclaimant, other than a fiduciary under an instrument who is not authorized by the instrument to disclaim the interest of a beneficiary, may disclaim, in whole or in part, the succession to any property by executing and by delivering, filing, or recording a written

disclaimer instrument in the manner provided in this section.

The Trustee argues that Mr. Betz cannot disclaim under Ohio law. The Trustee cites *Stein v. Brown,* 18 Ohio St.3d 305, 480 N.E.2d 1121 (1985). In *Stein,* the Ohio Supreme Court stated:

> [W]e hold that where a will beneficiary seeks to disclaim an inheritance pursuant to R.C. 1339.60(B) with the actual intent to defraud a present or future creditor, the renunciation is a fraudulent conveyance under R.C. 1336.07.

18 Ohio St.3d at 309, 480 N.E.2d at 1124.

The fraudulent conveyance statute, O.R.C. § 1336.07, states:

> Every conveyance made and every obligation incurred with actual intent, as distinguished from intent presumed in law, to hinder, delay, or defraud either present or future creditors, is fraudulent as to both present or future creditors.

In examining the issue of fraudulent intent, the Court noted: "Due to the difficulty in finding direct proof of fraud, courts of this state began long ago to look to inferences from the circumstances surrounding the transaction and the relationship of the parties involved." *Brown v. Stein,* 18 Ohio St.3d at 308–309, 480 N.E.2d at 1124. The Ohio Supreme Court found that the fact that the disclaimant's portion of the estate would pass to one of his relatives, coupled with the other circumstances in the case, established actual intent to defraud.

The case at bar is closely analogous to the *Stein* case. The Debtor is facing the possibility of a very large judgment resulting from the fraud which led to the liquidation of the Bell & Beckwith estate. If Mr. Betz is allowed to disclaim his interest, his portion of the estate would go to his children. In addition, the Court must consider not only the contingent claim of the Bell & Beckwith Trustee, but also the other listed creditors in Mr. Betz's Chapter 7 Bankruptcy proceeding.

Based upon the examination of the circumstances in this case, and Mr. Betz's testimony, the Court finds that the disclaiming of the Debtor's interest in the estate of Francis I. Betz would be a fraudulent conveyance, and should not be allowed under *Stein v. Brown, supra* and O.R.C. § 1336.07. The Court finds that the primary reason, if not the sole reason, Mr. Betz wants to disclaim his inheritance is to allow his family, rather than his creditors, to receive the proceeds from his mother's estate. Estate planning is specifically found to be a mere pretext. In addition, there are also Bankruptcy law consideration suggested by *In re Peery,* 40 B.R. 811 (Bankr.M.D.Tenn.1984) which do not need to be addressed because state law provides an adequate remedy in this case.

In reaching this conclusion, the Court has considered all the evidence and arguments of counsel, regardless of whether or not they are specifically referred to in this Opinion.

Accordingly, it is

ORDERED that the Debtor not Disclaim His Interest in an Inheritance from Francis I. Betz.

It is FURTHER ORDERED that the disclaimer form filed with the Lucas County Probate Court be Withdrawn within Fourteen (14) days from the date of this Order.