DECISION.
On December 9, 1997, plaintiff-appellant, S. Coppy Holzman, filed a nine-count complaint against defendants-appellees, The Fifth Third Bank, Art Rosenbaum, Almi Corporation, Rosetree Clothiers Corporation, and Gentry Clothiers, Inc. Holzman alleges in count I that Gentry owed him severance pay based upon the terms of the employment agreement between Holzman and Gentry. Counts II, III, and IV dictate that Almi and Rosetree Corporations are liable to Holzman as successor corporations to Gentry. Counts V, VI, and VII state that there was a fraudulent conveyance of Gentry's assets by the defendants and that Holzman is entitled to attachment of the assets of Almi and Rosetree Corporations, avoidance of the transfer, and other relief as may be provided under the statutes and principals of equity. In count VIII, Holzman alleges unjust enrichment against all the defendants. Finally, count IX alleges that Fifth Third Bank is liable to Holzman as Gentry's alter ego.
Fifth Third Bank, Almi, Rosetree, and Rosenbaum moved to dismiss Holzman's complaint under Civ.R. 12(B)(6). On March 2, 1998, a hearing was held on the dismissal motions. On June 19, 1998, the trial court dismissed the complaints against Fifth Third, Almi, Rosetree, and Rosenbaum, but not against Gentry.[1] Holzman timely appealed the trial court's decision. He alleges five assignments of error, and all but one assignment is well-taken.
A Civ.R. 12(B)(6) motion to dismiss, unlike a motion for summary judgment, merely tests the sufficiency of the complaint. In ruling on such a motion, the trial court must take all allegations in the complaint as true and make all reasonable inferences in favor of the nonmoving party.[2] A trial court may dismiss a complaint under Civ.R. 12(B)(6) where it appears beyond a doubt from the complaint that the plaintiff can prove no set of facts that entitle him to recovery.[3] Under the rules of notice pleading, Civ.R. 8(A)(1) requires only "a short and plain statement of the claim showing that the party is entitled to relief." Because it is easy for the plaintiff to satisfy the standard for pleading under Civ.R. 8(A), few complaints are subject to a motion to dismiss.[4]
With these principles in mind, we turn to Holzman's assignments of error as they relate to each count of the complaint. We consider his first, second, third, and fourth assignments of error together because the legal concepts surrounding these assignments are tightly interwoven.
In his first assignment of error, Holzman alleges that the trial court erred in holding that he could not be entitled to severance pay because he remained employed after the transfer of Gentry's corporate assets. In his second assignment of error, Holzman avers that the trial court erred in holding that Fifth Third Bank was not liable to him under the alleged employment contract between Gentry and Holzman. In his third assignment, Holzman contends that the trial court erred when it found that Almi and Rosetree were not liable as corporate successors in interest for the debts of Gentry. Essentially, in assignments two and three, he argues that Almi and/or Rosetree are liable as successor corporations for the debts of Gentry, and that Fifth Third is liable for Gentry's debt as an alter ego. And, in his fourth assignment of error, Holzman contends that the trial court erred when it failed to find that the defendants could be liable under the doctrine of fraudulent conveyance.
At the onset, we note that the employment agreement between Gentry and Holzman is, at best, ambiguous. However, the complaint is sufficient to allow Holzman to bring a claim for relief against Gentry based in contract law. Further, we note that the trial court did not dismiss the complaint under count I as it related to Gentry. Accordingly, Holzman could question the transfer of assets by Gentry to Almi, Rosetree, Fifth Third Bank, and Rosenbaum under the theories of fraudulent conveyance and alter ego as discussed below.
Generally, a new corporation is not liable for the debts of the prior corporation, unless one of the following four exceptions apply:
 (1) the buyer expressly or impliedly agrees to assume such liability; (2) the transaction amounts to a de facto consolidation or merger; (3) the buyer corporation is merely a continuation of the seller corporation; or (4) the transaction is entered into fraudulently for the purpose of escaping liability.[5]
According to the complaint, Holzman alleged that Almi could have fallen under the third exception. In count II, Holzman contends in pertinent part that Almi fell under the "mere continuation" exception because:
 a. Both corporations engaged in the same type of business, the sale of men's clothing, using the trade name `Gentry Shops';
 b. Both corporations shared in the same business addresses, business telephone numbers, and employees;
 c. Both corporations shared the same bank accounts at The Fifth Third Bank, even after the assets were transferred to Almi;
 d. Both corporations operated under the control of officers of The Fifth Third Bank, and were unable to exercise independent corporate decision making (sic) power without the approval of The Fifth Third Bank;
 e. The `Amended and Restated Term Note' in the original principal amount of $4,515,031.25 executed by Almi in favor of The Fifth Third Bank * * * `is an amendment and replacement of that certain Loan Agreement dated October 29, 1991, * * * with Gentry Clothiers, Inc. * * *.'
 f. Almi Corporation, through extensive advertising targeted to consumers, has made extensive use of the goodwill established by Gentry over many years of operation in Cincinnati, thereby attempting to continue to sell goods to the same customer base established by Gentry * * *.
Because a claim of successor liability is viable under these allegations, we hold that the trial court erred in dismissing count II.
In count III, Holzman further alleges that Almi is liable under the fourth exception as a successor corporation because it engaged in a fraudulent transaction with Gentry. Holzman also contends in count IV that Rosetree is liable as a successor corporation because Rosetree was a part of Almi's fraudulent transaction. In counts V and VII[6] Holzman sets out his allegations relating to the fraudulent conveyance of Gentry under
R.C. 1336.04(A)(1), and in count VI Holzman sets out his allegations of fraudulent conveyance under R.C. 1336.04(A)(2).
A fraudulent conveyance occurs either when a debtor transfers assets without receiving adequate consideration, when a debtor transfers assets during insolvency or resulting insolvency, or when a debtor transfers assets for the purpose of delaying or defrauding a creditor.[7] Here, Holzman contends that the defendants engaged in transferring Gentry's assets for the purpose of defrauding creditors, including him. The defendants argue, however, that Holzman became a creditor after the assets were transferred and, therefore, had no claim under the statute. However, the defendants misread the statute. R.C. 1336.04(A) states:
 A transfer made or an obligation incurred by a debtor is fraudulent as to a creditor, whether the claim of the creditor arose before or after the transfer was made or the obligation was incurred, if the debtor made the transfer or incurred the obligation in either of the following ways:
 (1) With actual intent to hinder, delay, or defraud any creditor of the debtor;
 (2) Without receiving a reasonably equivalent value in exchange for the transfer or obligation * * *. [Emphasis added.]
 The Ohio Supreme Court has held in Stein v. Brown, that: "An individual possessing a cause of action in tort is a `creditor' within the meaning of R.C. 1336.01(C) and has the right to question an alleged fraudulent conveyance."[8] This court has applied the Stein holding to a creditor who possesses a breach-of-contract claim.[9] Because we have concluded that Holzman possesses a claim for relief based on his alleged employment contract with Gentry, he could, therefore, properly question the alleged transfer of assets from Gentry to Almi, Rosetree, Fifth Third Bank, and Rosenbaum under the theory of fraudulent conveyance.
Although it is unclear exactly what happened when Gentry's assets were transferred, we note that a trial court may not properly dismiss a complaint under Civ.R. 12(B)(6) merely because it doubts the plaintiff will prevail.[10] After reviewing the complaint, it is clear that counts V, VI, and VII sufficiently allege that a fraudulent conveyance may have occurred by Rosetree, Almi, Fifth Third, and/or Rosenbaum, with either actual intent to hinder, delay, or defraud Holzman, or without receiving a reasonably equivalent value in exchange for the transfer as required under R.C. 1336.04(A)(1) and (2). And, counts II, III, and IV sufficiently allege that Almi and Rosetree may have fraudulently acquired the assets of Gentry and, therefore, may be liable as successor corporations.
In count IX, Holzman sufficiently pleaded that Fifth Third Bank may be liable to him as Gentry's alter ego. When adopting the "alter ego" doctrine, the Ohio Supreme Court determined the following factors must be established: (1) domination and control was exercised over the corporation, (2) the domination and control was used to commit fraud or another unjust act, and (3) there was an injury or unjust loss to plaintiff from the wrongful act.[11] Based on the complaint, Holzman sufficiently alleged that Fifth Third controlled the decision-making process of Gentry and caused Gentry to participate in a fraudulent transfer of its assets, which injured Holzman under the alleged employment contract. The trial court, therefore, erred in dismissing count IX.
Finally, in his fifth assignment of error, Holzman avers that the trial court erred when it failed to find under count VIII that the defendants could be liable under the doctrine of unjust enrichment. We disagree with this assignment.
Unjust enrichment occurs when a party retains money or benefits that in justice and equity belong to another.[12]
Unjust enrichment is a quasi-contractual theory that operates in the absence of an express contract or a contract implied in fact.[13] Here, Holzman's unjust-enrichment claim stems solely from the argument that he was entitled to severance benefits under an employment contract between Gentry and himself. Aside from the issues related to who may be liable under the contract, no facts have been set forth which could support the conclusion that Almi, Rosetree, Fifth Third Bank, or Rosenbaum retained any non-contractual or quasi-contractual benefits from Holzman. Accordingly, this assignment of error is overruled.
In light of the fact that this appeal arose from a motion to dismiss under Civ.R. 12(B)(6), as opposed to a motion for summary judgment, we hold that there were sufficient facts alleged in the complaint to defeat a Civ.R. 12(B)(6) motion in counts II, III, IV, V, VI, VII, and IX.[14] But, we hold that there were not sufficient facts alleged to defeat the motion to dismiss in count VIII. Accordingly, we sustain Holzman's first, second, third, and fourth assignments of error, and we overrule his fifth assignment of error. The judgment of the trial court is affirmed in part, reversed in part, and the case is remanded to the trial court for further proceedings consistent with this Decision.
Judgment affirmed in part, reversed in part, and cause remanded.
 Gorman, P.J., Painter and Sundermann, JJ.
[1] The trial court's entry included a Civ.R. 54(B) determination of "no just reason for delay." Gentry is not involved in this appeal.
[2] See Vail v. Plain Dealer Publishing Co. (1995), 72 Ohio St.3d 279,649 N.E.2d 182; Mitchell v. Lawson Milk Co. (1988),40 Ohio St.3d 190, 532 N.E.2d 753.
[3] See O'Brien v. University Com. Tenants Union, Inc. (1975),42 Ohio St.2d 242, 327 N.E.2d 753, syllabus.
[4] See Slife v. Kundtz Properties, Inc. (1974), 40 Ohio App.2d 179,182, 318 N.E.2d 557, 560.
[5] Kuempel Service, Inc. v. Zofko (1996), 109 Ohio App.3d 591,602, 672 N.E.2d 1026, 1033, quoting Welco Ind., Inc. v. AppliedCos. (1993), 67 Ohio St.3d 344, 349, 617 N.E.2d 1129, 1133.
[6] Although Holzman entitles count VII as "fraud," in essence his argument relates to a fraudulent conveyance by Rosenbaum and Fifth Third Bank under R.C. 1336.04(A)(1).
[7] See, generally, R.C. Chapter 1336.
[8] (1985), 18 Ohio St.3d 305, 480 N.E.2d 1121, paragraph one of the syllabus.
[9] See Kenwood Office Assoc. v. Maryland Regional ImpotenceCenter, Inc. (Dec. 6, 1997), Hamilton App. No. C-970049, unreported.
[10] See Slife v. Kundtz Properties, Inc., supra.
[11] See Belvedere Condominium Unit Owners' Assoc. v. R.E.Roark Cos. (1993), 67 Ohio St.3d 274, 288, 617 N.E.2d 1075, 1086.
[12] See Liberty Mut. Ins. Co. v. Industrial Comm'n. (1988),40 Ohio St.3d 109, 110-111, 532 N.E.2d 124, 125; Hummel v. Hummel
(1938), 133 Ohio St. 520, 528, 14 N.E.2d 923, 926-27.
[13] Hummel, supra.
[14] As noted above, count I relates only to Gentry and is not at issue in this appeal.