{¶ 19} I concur with the majority opinion in its disposition of all but the eighth assignment of error involving Bruce's fraudulent transfer of the Parma property. I would affirm the trial court's judgment on that issue.
 {¶ 20} In the eighth assignment of error, appellants argue that the trial court erred in ruling that the transfer of the property from Bruce to Linda constituted a fraudulent transfer.
 {¶ 21} The court had jurisdiction to consider Prouse's claim of fraudulent transfer because the property transferred was located in Cuyahoga County, Ohio. An action alleging fraudulent conveyance is quasi in rem. Falk v. Monning (1942),69 Ohio App. 550, 44 N.E.2d 375. Moreover, Ohio was the most appropriate forum for this action because it concerned Cuyahoga County property.
 {¶ 22} R.C. 1336.04(A) provides that "[a] transfer made or an obligation incurred by a debtor is fraudulent as to a creditor, whether the claim of the creditor arose before or after the transfer was made or the obligation was incurred, if the debtor made the transfer or incurred the obligation in either of the following ways:
(1) With actual intent to hinder, delay, or defraud anycreditor of the debtor;
 (2) Without receiving a reasonably equivalent value inexchange for the transfer or obligation, and if either of thefollowing applies:
 (a) The debtor was engaged or was about to engage in abusiness or a transaction for which the remaining assets of thedebtor were unreasonably small in relation to the business ortransaction;
 (b) The debtor intended to incur, or believed or reasonablyshould have believed that he would incur, debts beyond hisability to pay as they became due."
 {¶ 23} The ultimate burden of proof rests upon the party seeking to set aside the alleged fraudulent conveyance. Stein v.Brown (1985), 18 Ohio St.3d 305, 308, 480 N.E.2d 1121; Baker Sons Equip. Co. v. GSO Equip. Leasing, Inc. (1993),87 Ohio App.3d 644, 651, 622 N.E.2d 1113. In determining actual intent, R.C. 1336.04(B) lists several statutory factors, termed "badges of fraud," that a court considers in determining whether an inference of fraud exists. If the party alleging fraud is able to demonstrate a sufficient number of badges, the burden of proof then shifts to the defendant to prove that the transfer was not fraudulent; however, if the defendant can put forth evidence that the transfer was for reasonable equivalent value, then there exists a defense to a prima facie case of actual intent to defraud pursuant to R.C. 1336.04(A)(1). Baker, supra.
 {¶ 24} Those "badges" include:
"(1) Whether the transfer or obligation was to an insider;
 (2) Whether the debtor retained possession or control of theproperty transferred after the transfer;
 (3) Whether the transfer or obligation was disclosed orconcealed;
 (4) Whether before the transfer was made or the obligation wasincurred, the debtor had been sued or threatened with suit;
 (5) Whether the transfer was of substantially all of theassets of the debtor;
 (6) Whether the debtor absconded;
 (7) Whether the debtor removed or concealed assets;
 (8) Whether the value of the consideration received by thedebtor was reasonably equivalent to the value of the assettransferred or the amount of the obligation incurred;
 (9) Whether the debtor was insolvent or became insolventshortly after the transfer was made or the obligation wasincurred;
 (10) Whether the transfer occurred shortly before or shortlyafter a substantial debt was incurred;
 (11) Whether the debtor transferred the essential assets ofthe business to a lienholder who transferred the assets to aninsider of the debtor." R.C. 1336.04(B).
 {¶ 25} In the instant case, the trial court found that the conveyance of the Parma property from Bruce to his wife, Linda, constituted a fraudulent conveyance. Although the trial court, in support of its conclusion, analyzed R.C. 1336.04(A)(2), a better analysis could be made under subsection (A)(1).
 {¶ 26} The evidence shows that at least eight of the eleven badges support the conclusion that the conveyance was fraudulent. The property was transferred to an insider, his wife, without consideration, on June 15, 1999 and recorded on July 27. However, Bruce still referred to this house as being "his," thus retaining possession or control over the property. There was testimony that the property was transferred because Bruce owed over $100,000 in back child support to his ex-wife and he wanted to protect the house from being attached. Furthermore, Bruce learned that he was the subject of an SEC investigation in late July 1999. Finally, Bruce Bruce fled the United States to Canada to avoid prosecution for SEC violations.
 {¶ 27} Therefore, an inference of fraud exists. Appellants have failed to set forth any evidence demonstrating that the conveyance was not fraudulent except for the assertion that the transfer was done because Bruce was having various medical problems. Accordingly, there was sufficient evidence to suggest that the conveyance was done fraudulently.
 {¶ 28} Appellants argue that Prouse was not a creditor nor were appellants debtors when the transfer was made. A "claim" means a "right to payment, whether or not the right is reduced to judgment, liquidated, unliquidated, fixed, contingent, matured, unmatured, disputed, undisputed, legal, equitable, secured, or unsecured. R.C. 1336.01(C). A "creditor" means a person who has a claim. R.C. 1336.01(D), and a "debtor" is a person who is liable on a claim. R.C. 1336.01(F). However, Prouse did not have to be a creditor when the transfer was done. Rather, anyone who now has a claim against a party and alleges the transfer was done fraudulently to elude other creditors or obligations, may now step in and declare that the transfer was done fraudulently. The plain language of R.C. 1336.04 clearly provides that the claim of the creditor can arise after the transfer of the property.
 {¶ 29} Here, there was sufficient evidence to suggest that Bruce was eluding child support and possible SEC penalties. Thus, the transfer was done to defraud other creditors. Prouse can now argue that the transfer was fraudulent. Therefore, I would find that the trial court did not err in finding that Bruce fraudulently conveyed the property to Linda. I would affirm the court's setting aside the transfer.