[Cite as *Fade v. Morris*, 2015-Ohio-5337.]

**IN THE COURT OF APPEALS**

**ELEVENTH APPELLATE DISTRICT**

**ASHTABULA COUNTY, OHIO**


| | | |
|---|---|---|
| JOHN POSS, DECEASED, | : | **O P I N I O N** |
| Plaintiff, | : | |
| | | **CASE NO: 2015-A-0009** |
| VILMA FADE, EXECUTOR, ESTATE OF JOHN POSS, | : | |
| | : | |
| Appellee, | : | |
| | : | |
| - vs - | : | |
| | : | |
| MARILYN E. MORRIS, et al., | : | |
| Defendants-Appellants. | : | |
| | : | |


Civil Appeal from the Ashtabula County Court of Common Pleas, Case No. 2006 CV 278.

Judgment: Affirmed.


*Robert S. Wynn*, 7 Lawyers Row, P.O. Box 121, Jefferson, OH 44047 (For Appellants, Marilyn E. Morris and Skyway Investment Corporation).

*Patrick D. Quinn*, The Law Offices of Patrick D. Quinn, 2802 Center Street, Suite #102, Willoughby Hills, OH 44094, and *J. Michael Drain*, 147 Bell Street, #202, Chagrin Falls, OH 44022 (For Appellee).


CYNTHIA WESTCOTT RICE, J.

{¶1} This appeal is from two judgment entries rendered in a civil action before the Ashtabula County Court of Common Pleas. In the first entry, the trial court granted

summary judgment in favor of John Poss as to his claim to vacate a conveyance of real property between appellants, Marilyn E. Morris and Skyway Investment Corporation. In the second entry, the trial court essentially concluded that a determination of damages was unnecessary because Poss had died while the case was still pending. Before this court, appellants primarily maintain that summary judgment was not justified because Poss failed to establish that the conveyance of land was fraudulent.

{¶2} The underlying case was instituted in March 2006. Prior to that date, Poss and Morris had already participated in substantial litigation against each other for over twenty years. The genesis of their dispute involved two financial transactions in which Poss essentially loaned funds to Morris for the purchase of real property in Rock Creek, Ashtabula County, Ohio, and the construction of a building to house her manufacturing business. Under each transaction, Morris was obligated to make monthly payments on the underlying debt. When she defaulted on both obligations, Poss brought a series of three actions against her that were ultimately consolidated for trial in 1992. At the close of this proceeding, the trial court found Morris liable to Poss for the sum of $152,050.17, plus interest, and entered judgment accordingly.

{¶3} When Poss was unable to collect from Morris during the ensuing months, he filed an action in forcible entry and detainer to remove her business from the building and the property. Before this new case could go forward, Poss and Morris executed a settlement agreement in relation to the pending money judgment. In consideration for relief from liability under the judgment, Morris agreed to convey a portion of the subject property to Poss. Morris further agreed to vacate the building by January 1, 1994, and to pay rent to Poss during the interim period.

2

{¶4} In September 1993, the trial court in the consolidated cases entered a final judgment adopting the settlement agreement and expressly incorporating it as an order of the court. A similar judgment was issued in the forcible entry and detainer action.

{¶5} Through the subsequent years, Morris took steps to obtain relief from the "settlement" judgment in the original consolidated cases. In response, Poss took steps to enforce the settlement agreement and judgment. By 1996, he was able to obtain a new judgment holding that he was entitled to immediate possession of the property and the building. Furthermore, Morris's attempts to have the "settlement" judgment vacated were consistently rejected. But, to the extent that the settlement agreement obligated Morris to convey title to a parcel of the land to Poss, he was never able to obtain a new enforceable judgment requiring her to comply with the terms of the settlement.

{¶6} In 1995, Morris initiated a Chapter 13 bankruptcy proceeding in the United States Bankruptcy Court for the Northern District of Ohio. As part of that action, Morris filed an "adversary" complaint against Poss, seeking a determination as to the extent of her ownership interest in the Rock Creek property. In *In re: Morris*, 260 F.3d 654 (6th Cir.2001), the federal appellate court reversed the district court's ruling in Morris's favor, holding that the property was not an asset of the bankruptcy estate. The appellate court concluded that, as a consequence of the "settlement" judgment, Morris only held legal title to the property:

> {¶7} When we apply these principles, it is clear that a constructive trust in favor of Poss attached to the property prepetition. In the final decision of the state courts adjudicating the rights of the parties, [the state trial judge] found that following the settlement Poss had an enforceable contract for conveyance of the property. Under Ohio law, this contract is enforceable in equity, and because of the availability of equitable relief Morris had a duty to convey the property. Where such a duty exists, a constructive trust arises by

3

operation of law. Additionally, the concluding language of [the state trial judge's] opinion emphasizing that Morris retained legal ownership of the property reinforces our conclusion that Morris held equitable title in constructive trust for Poss. Similarly, the state court's determination that legal title remained [with] Morris until such time that Poss pursued enforcement all but says that Poss holds equitable title to the property. Finally, another fact convinces us that this case does not involve an ordinary equitable interest in a conveyance that might arise pursuant to a contract concerning real estate under Ohio law: the 'contract' between the parties here is the order of the court. The interest of the Ohio judiciary in ensuring the efficacy of its judgments gives the settlement a heightened basis for equitable relief and calls for imposition of a constructive trust. *Id.* at 668-669.

{¶8} Approximately sixteen months following the release of the Sixth Circuit's opinion, Poss moved the trial court in the consolidated cases to transfer legal title to the subject property to him. After the motion had been pending for nearly eighteen months, the trial court granted it, but Morris refused to comply and immediately moved the court to vacate the transfer order. As the basis for her motion, Morris asserted that she could not convey the property to Poss because, in November 1993, she had sold her interest in the land to Skyway Investment Corporation. Upon conducting a separate hearing on the matter, the trial court rendered a new judgment overruling the motion to vacate and finding her in contempt for failing to transfer title to the property to Poss.

{¶9} In light of the fact that a general warranty deed transferring the land from Morris to Skyway Investment had been recorded in November 2003, Poss instituted the underlying case for the primary purpose of vacating the conveyance to Skyway Investment. In addition to Morris and Skyway Investment, Poss's complaint named Skyway's corporate agent, a title company, and a local attorney as defendants in the action. As to the attorney and the title company, the complaint alleged that they had aided in the fraudulent conveyance of the property.

4

{¶10}   Under his first claim, Poss asserted that the purported conveyance of the land to Skyway Investment had been fraudulent because, at the time of the sale, Morris was aware that he was the equitable owner and/or a creditor with a lien on the property. The claim further asserted that Morris entered into the conveyance with the actual intent to defraud Poss and did not receive adequate consideration from Skyway for the land. Besides his request for a declaration of his ownership rights, Poss sought the issuance of an order which would require Morris and Skyway to execute a new general warranty deed in his favor.

{¶11}   As part of her separate answer to the conveyance complaint, Morris stated one counterclaim against Poss.  Morris sought compensatory and punitive damages on the grounds that the filing of this action constituted frivolous conduct and was an abuse of process.

{¶12}   After the action had been pending for nine months, the attorney-defendant who allegedly aided in the property transaction submitted a notice that he had recently filed for bankruptcy.  As a result, all proceedings in the case were stayed for over four years.  Once the case had been reinstated upon the trial court's docket, Morris moved to further delay the case until the Supreme Court of Ohio had released a decision in a pending mandamus action involving the identical parties; according to her counsel, the outcome of the mandamus action would render the instant case moot.  Six months later, after the Supreme Court had ruled in favor of Poss, Morris moved for leave to submit a motion for summary judgment.  Although Poss initially opposed the request for leave on the grounds that the recent Supreme Court decision was dispositive, he subsequently withdrew his opposition, and the parties filed competing motions for summary judgment

5

in September 2012.

{¶13} In her motion, Morris first maintained that, since Poss had alleged that the transfer of the property to Skyway Investment was a fraudulent conveyance, he would only be entitled to relief if he could satisfy the elements for a viable claim under either R.C. 1336.04 or 1336.05. Building upon this, Morris argued that Poss could not state a viable claim under R.C. Chapter 1336 because such a claim could only be brought by a "creditor" against a debtor, and Poss could not meet the statutory definition of a creditor in relation to her.

{¶14} In his summary judgment motion, Poss contended that he was entitled to prevail on his "fraudulent conveyance" claim because all relevant issues pertaining to the ownership of the subject property had already been resolved in his favor in the two original consolidated cases, Morris's bankruptcy proceeding, and the Supreme Court's mandamus opinion. In setting forth this argument, Poss only presented copies of written decisions in the prior cases.

{¶15} Neither side was given an opportunity to respond to the opposing party's motion. On October 30, 2012, the trial court issued a written decision granting Poss's summary judgment motion, overruling Morris's motion, and entering judgment against Morris and Skyway Investment as to Poss's fraudulent conveyance claim. As the basis for its decision, the trial court adopted the argument in Poss's motion; i.e., after stating a summary of the prior litigation between Poss and Morris, the court held that no genuine issue of material fact remained to be litigated concerning the ownership of the disputed property. Accordingly, the court declared null and void the general warranty deed which set forth the conveyance of the property from Morris to Skyway Investment.

{¶16} At the conclusion of its written decision, the trial court scheduled a hearing on damages for December 10, 2012. Although the record does not disclose why, that hearing did not go forward. In fact, no other proceedings were held in the action until December 29, 2014. At that time, the court rendered a new judgment stating that Poss had recently died and that his counsel had indicated that no further actions would be taken on his behalf. Therefore, the trial court dismissed the remainder of the case with prejudice.

{¶17} In appealing the two foregoing judgments, Morris and Skyway Investment, appellants, have asserted two assignments of error for review:

{¶18} "[1.] The trial court erred to the substantial prejudice of appellants when it dismissed 'this case' including the pending counterclaim without prior notice and without justification.

{¶19} "[2.] The trial court erred to the substantial prejudice of appellants when it, in its judgment of October 30, 2012, granted summary judgment in favor of appellee Poss and denied appellants' summary judgment motion."

{¶20} Under their first assignment, appellants contend that the trial court erred in dismissing Morris's counterclaim against Poss without affording them the opportunity to argue the merits of that claim. In asserting this point, appellants appear to assume that her counterclaim was ruled upon in the trial court's December 27, 2014 judgment, since all remaining issues in the conveyance case was dismissed in that entry. However, our review of the record demonstrates that the substance of the counterclaim was decided in the trial court's first judgment of October 30, 2012.

{¶21} As noted above, the merits of Morris's counterclaim was tied to the merits

7

of Poss's "fraudulent conveyance" claim. In the counterclaim, she asserted that Poss had engaged in an abuse of process and malicious behavior by maintaining this case against her. But, by expressly nullifying the conveyance of the property from Morris to Skyway Investment, the trial court clearly found in favor of Poss on the first claim of his complaint. Given this holding, it could not be found that the filing of the underlying case constituted an abuse of process or malicious behavior. Thus, even though the October 30, 2012 judgment did not specifically reference Morris's counterclaim, its holding had the effect of determining that the substance of her claim was without merit.

{¶22} In the context of determining the finality of a trial court's judgment, it has been held that if the disposition of some claims in a civil case has the effect of rendering the remaining claims moot, the judgment will be deemed final even if it does not contain express wording ruling upon the remaining claims. *Kinasz v. Southwest Gen. Hos. Ctr.*, 8th Dist. Cuyahoga No. 100182, 2014-Ohio-402. ¶9, citing *Wise v. Gursky*, 66 Ohio St.2d 241 (1981). "Essentially, when a judgment on fewer than all claims renders the remaining claims moot, it becomes a judgment on all the claims and Civ.R. 54(B) no longer applies." *Watershed Management, LLC v. Neff*, 4th Dist. Pickaway No. 10CA42, 2012-Ohio-1020. ¶19.

{¶23} In this case, appellants had a full opportunity to argue the merits of Poss's "fraudulent conveyance" claim in Morris's motion for summary judgment. In light of the trial court's decision to nullify the conveyance of land, no separate meritorious argument regarding Morris's counterclaim was possible; i.e., the filing of Poss's complaint could not be an abuse of process when he was entitled to relief from the conveyance. Hence, the granting of summary judgment in favor of Poss totally resolved the counterclaim. In

8

addition, since only the "damages" aspects of Poss's complaint remained to be litigated when the trial court dismissed the rest of the case in December 2014, appellants were not entitled to present any new arguments prior to the issuance of the last judgment.

{¶24} To the extent that appellants were not denied due process through the trial court's indirect resolution of the Morris counterclaim, their first assignment of error lacks merit.

{¶25} Appellants' next assignment addresses the substance of Poss's fraudulent transfer claim. Essentially, they assert that Poss was not entitled to summary judgment for three reasons: (1) the claim was barred under the governing statute of limitations; (2) Poss failed to establish that a creditor-debtor relationship existed between himself and Morris; and (3) in relation to the issue of whether Morris had an actual intent to defraud Poss through the conveyance of the property, the trial court's analysis did not reference the applicable statutory "badges of fraud."

{¶26} "The Ohio Uniform Fraudulent Transfer Act, R.C. Chapter 1336, creates a right of action for a creditor to set aside an allegedly fraudulent transfer of assets." *Wooten v. Kreischer*, 162 Ohio App.3d 534, 2005-Ohio-4078, ¶45 (5th Dist.2005). R.C. Chapter 1336 states four possible claims for achieving this purpose. *See* R.C. 1336.04 and 1336.05. In delineating the elements of four different claims, each of the governing statutory provisions begins with the following phrase: "A transfer made or an obligation incurred by a debtor is fraudulent as to a creditor * * *." The use of this language readily indicates that R.C. Chapter 1336 is only intended to apply when a transfer of property will prevent a creditor from obtaining satisfaction of an underlying debt. Hence, to state a viable claim under the Ohio Uniform Fraudulent Transfer Act, a plaintiff must have

9

standing as a creditor.  *Gershuny v. Gershuny*, 1st Dist. Hamilton No. C-140482, 2015-Ohio-4454, ¶15.

**{¶27}** In his complaint, Poss did not specifically state which provision under the statutory scheme he intended to proceed.  Moreover, the complaint had allegations that pertained to more than one of the four feasible claims.  However, given the nature of the analysis the trial court followed in its final judgment, it is evident the trial court held that Poss had fulfilled the elements for a fraudulent transfer claim under R.C. 1336.04(A)(1).  That provision states:

**{¶28}** "(A) A transfer made or an obligation incurred by a debtor is fraudulent as to a creditor, whether the claim of the creditor arose before or after the transfer was made or the obligation was incurred, if the debtor made the transfer or incurred the obligation in either of the following ways:

**{¶29}** "(1) With actual intent to hinder, delay, or defraud any creditor of the debtor; * * *."

**{¶30}** In light of this statutory language, three elements must be met to establish a fraudulent transfer claim under R.C. 1336.04(A)(1): (1) the transfer of an asset or the incurrence of a new debt; (2) done with actual intent to defraud, hinder, or delay; and (3) present or future creditors.  *Brown Bark II, L.P. v. Coakley*, 188 Ohio App.3d 179, 2010-Ohio-3023, ¶10 (10th Dist.2010).

**{¶31}** Under their first challenge to Poss's fraudulent transfer claim, appellants assert that he should not have been allowed to proceed on his claim because it was not brought in a timely manner.  Citing R.C. 1336.09(C), appellants maintain that the statute of limitations for Poss's claim was within one year after Morris's transfer of the subject

10

property to Skyway Investment.

{¶32} Our review of R.C. 1336.09(C) clearly indicates that its one-year statute of limitations is solely applicable to a fraudulent transfer claim under R.C. 1336.05(B). In order to prove a claim under the latter provision, a plaintiff must show, *inter alia*, that the transfer was made to an "insider" and caused the debtor to become insolvent. As part of his allegations in the complaint, Poss stated that the conveyance of the property had the effect of rendering Morris insolvent. He further alleged that Skyway Investment was a "sham" entity that was serving as a "personal holding company" for Morris.

{¶33} However, the complaint also contained a separate allegation that Morris made the transfer while having an actual intent to defraud Poss. This allegation would only be relevant to a fraudulent transfer claim under R.C. 1336.04(A)(1). Thus, despite the fact that some of Poss's other factual allegations pertained solely to another form of fraudulent transfer claim, his complaint was sufficient to state a viable claim under R.C. 1336.04(A)(1).

{¶34} Pursuant to R.C. 1336.09(A), the statute of limitations for a 1336.04(A)(1) claim is four years from the date of the transfer. In this case, there was no dispute that the conveyance of the disputed property to Skyway Investment occurred in November 2003, and that Poss instituted his fraudulent transfer action in March 2006. Accordingly, the 1336.04(A)(1) claim was brought in a timely manner.

{¶35} Under their second challenge, appellants contend that Poss was unable to satisfy the third element for a fraudulent transfer claim under R.C. 1336.04(A)(1). That is, they argue that Poss could not succeed on his claim because he was unable to show that he had standing to contest the conveyance as a creditor of Morris. In support, they

emphasize that, under Poss's theory of the action, he was entitled to ownership of the subject property pursuant to the 1993 settlement agreement.

{¶36} R.C. 1336.01(D) defines the term "creditor" as a person who has a claim against a debtor. In turn, R.C. 1336.01(F) defines "debtor" as an individual who is liable on a claim. In addition, R.C. 1336.01(C) states that the term "claim" means "a right to payment, whether or not the right is reduced to judgment, liquidated, unliquidated, fixed, contingent, matured, unmatured, disputed, undisputed, legal, equitable, secured, or unsecured."

{¶37} Pursuant to the undisputed facts concerning the various rulings rendered in the prior cases between the parties, Morris's initial obligation to Poss was predicated upon the 1992 judgment issued in the original three cases brought by Poss. Under that judgment, Morris was held liable to Poss for the sum of $152,050.17, plus interest. As a result, the judgment granted Poss the right to receive "payment" from Morris on the sum owed.

{¶38} As noted above, given Poss's inability to collect on the judgment debt, it was subsequently necessary for him to negotiate and execute a settlement agreement with Morris, under which she agreed to transfer to him a part of the property associated with the commercial building. Hence, under the terms of the settlement, Morris merely agreed to give Poss the property in lieu of the funds owed under the judgment. To this extent, the settlement simply resulted in a substitution of the form of payment she would make to release her liability. The general underlying nature of the relationship between Poss and Morris, creditor-debtor, was not altered by the settlement.

{¶39} In conjunction with the foregoing, this court further notes that, in granting

summary judgment in Poss's favor on the fraudulent transfer claim, the trial court did not order that title to the disputed property be conveyed to him. Instead, the trial court only declared the 2003 general warranty deed from Morris to Skyway Investment to be null and void. Thus, given the limited nature of the trial court's order, Poss and Morris have merely been placed back in the same positions they were in prior to the transfer to Skyway Investment; i.e., Morris still has legal ownership of the property, but is holding it in a constructive trust for Poss.

**{¶40}** The avoidance of a transfer of an asset is an acceptable remedy when the elements of a fraudulent transfer have been met. *See* R.C. 1336.07(A)(1). Therefore, by limiting the scope of the remedy afforded Poss, the trial court treated him and Morris as a creditor and debtor. In light of the original basis of Morris's obligation to Poss and the nature of their 1993 settlement agreement, a finding that the required creditor-debtor relationship existed was justified under the facts of this case.

**{¶41}** Under their final challenge to Poss's fraudulent transfer claim, appellants argue that the materials attached to his summary judgment motion were not sufficient to establish that Morris actually intended to perpetuate a fraud. In support, they emphasize that, in rendering its summary judgment ruling, the trial court did not discuss any of the typical "badges of fraud" that are normally cited to infer a fraudulent intent; instead, the court based its entire analysis upon the various decisions issued in the original actions between the parties and Morris's bankruptcy proceeding.

**{¶42}** Under the original "fraudulent transfer" statutory scheme, the "actual intent to defraud" claim was delineated in R.C. 1336.07. In discussing the nature of the proof necessary to show actual intent, the Eighth Appellate District has stated:

13

{¶43} "In *McKinley Fed. S. & L. v. Puzzuro Enterprises, Inc.*, (1990), 65 Ohio App.3d 791, 796, 585 N.E. 2d 496, 499-500, this court set forth a creditor's burden of proof pursuant to this statute as follows:

{¶44} "'While the burden of proof under this section generally rests on the party seeking in equity to set aside the fraudulent conveyance, *Stein v. Brown* (1985), 18 Ohio St.3d 305, 308, 18 OBR 352, 355, 480 N.E.2d 1121, 1123, to prove the elements of fraud by clear and convincing evidence, *In re Poole* (Bankr.Ct., N.D.Ohio 1981), 15 B.R. 422, 431, courts have recognized that with respect to the issue of "actual intent," direct proof may be impossible. As stated by the Ohio Supreme Court in *Stein, supra*, 18 Ohio St.3d at 308-309, 18 OBR at 355, 480 N.E.2d at 1124:'

{¶45} "'"* * * Due to the difficulty in finding direct proof of fraud, courts of this state began long ago to look to inferences from the circumstances surrounding the transaction and the relationship of the parties involved. * * *."'

{¶46} "'* * * The court in *Poole, supra*, 15 B.R. at 431-432, resolved the problem in the following terms:'

{¶47} "'"In determining whether a conveyance is made with actual intent to hinder, delay or defraud a creditor, direct evidence of fraudulent intent is not essential and, indeed, in most circumstances, not likely to be available. Consequently, certain traditionally designated 'badges' or indicia of fraud, circumstances which usually or frequently attend a conveyance designed to hinder, delay, or defraud creditors, in concert with other suspicious circumstances, have generally been held to be sufficient to show fraud and invalidate the transfer of property * * *."'" (Citations omitted.)" *Wagner v. Galipo*, 97 Ohio App.3d 302, 309, 646 N.E.2d 844 (8th Dist.1994).

**{¶48}** R.C. 1336.04(B) sets forth eleven factors, i.e., badges, to be considered in deciding whether actual intent to defraud can be inferred under the facts of a particular case. However, as the *Wagner* quote readily indicates, the statutory factors need only be considered when there is no direct proof of a fraudulent intent. In this case, there was direct evidence of Morris's intent to defraud Poss by conveying the subject property to Skyway Investment.

**{¶49}** In moving for summary judgment as to his fraudulent transfer claim, Poss presented copies of three written decisions from the prior cases. In light of those three decisions, there was no dispute that, prior to the conveyance of the disputed property in November 2003, Morris had agreed as part of the 1993 settlement agreement to convey the land to Poss as payment on the judgment debt. Moreover, in 2001, the Sixth Circuit Court of Appeals had already held that, as a result of the 1993 settlement agreement, Morris was only holding the property for Poss in a constructive trust, and Poss was the land's equitable owner. *In re: Morris*, 260 F.3d at 668-669. Additionally, at the time of the transfer to Skyway Investment, Morris was aware that there was a pending motion in which Poss sought to compel transfer of legal title to him.

**{¶50}** Given the foregoing, a reasonable person could only conclude that Morris knew that she had no legal interest in the subject property she could properly convey to Skyway Investment. Based upon this, a reasonable person could also only conclude that the sole reason Morris made the transfer was to defraud or hinder Poss in obtaining possession of the property and, in turn, receiving final payment on the judgment debt.

**{¶51}** "Pursuant to Civil Rule 56(C), summary judgment is proper when (1) the evidence shows 'that there is no genuine issue as to any material fact' to be litigated; (2)

15

'the moving party is entitled to judgment as a matter of law;' and (3) 'it appears from the evidence * * * that reasonable minds can come to but one conclusion, and that conclusion is adverse to the party against whom the motion for summary judgment is made, that party being entitled to have the evidence * * * construed most strongly in the party's favor.' * * * *Grafton v. Ohio Edison Co.*, 77 Ohio St.3d 102, 105, 1996-Ohio-336, 671 N.E.2d 241 (1996)." *Zoldan v. Lordstown*, 11th Dist. Trumbull No. 2014-T-0002, 2014-Ohio-5472, ¶19.

{¶52} Consistent with the foregoing analysis, this court holds that Poss was able to satisfy the standard for summary judgment as to all elements for a fraudulent transfer claim under R.C. 1336.04(A)(1). Specifically, there is no dispute that Morris transferred the subject property with the intent to defraud a creditor. Therefore, since the trial court properly granted summary judgment in favor of Poss, appellants' second assignment is not well taken.

{¶53} The judgment of the Ashtabula County Court of Common Pleas is affirmed.


DIANE V. GRENDELL, J.,

COLLEEN MARY O'TOOLE, J.,

concur.

16