E. E. OLIPHANT *v.* C. T. MOORE *et al.**

(*Nashville.* December Term, 1926.)

Opinion filed May 7, 1927.

1. **UNIFORM FRAUDULENT CONVEYANCES ACT. Acts 1919,
ch. 125. Definition of term, "Creditor," "Debt."**

The terms "creditor" and "debt" are defined in the Uniform Fraudulent Conveyances Act 1919, chapter 125, as follows: "Creditor" is a person having any claim, whether matured or unmatured, liquidated, or unliquidated, absolute, fixed or contingent. "Debt," includes any legal liability, whether matured or unmatured, liquidated or unliquidated, absolute, fixed or contigent. (Post, p. 362.)

2. **SAME. Same. Injunctive power of equity, to aid action at law; to prevent transfers of property collusively made.**

It has been definitely adjudicated in this State that the plaintiff in an action brought to recover damages for tort committed against him is "a creditor" within the meaning of that term as it is employed in the Statute, section 3143, Shannon's Code (Code 1858, section 1759) denouncing conveyances and transfers of property collusively made "with intent on purpose to delay, hinder or defraud creditor of their just and lawful actions, suits, debts, accounts, damages, etc." The injunctive power of the chancery court, is ample, and such power is expressly conferred upon the court by section 10 of said Act. (Post, p. 363.)

Citing: Rasen v. Levy, 120 Tenn., 642-648; Farnsworth v. Bell, 5 Sneed (37 Tenn.), 531; Patrick v. Ford, 5 Sneed (37 Tenn.), 532; Vance v. Smith, 2 Heisk. (49 Tenn.), 343; section 10, Acts 1919, chapter 125; Mengle Box Co. v. Lauderdale County, 144 Tenn., 266.

*Headnotes 1. Creditor, 15 C. J., section 3; Fraudulent Conveyances, 27 C. J., section 123; 2. Fraudulent Conveyances, 27 C. J., section 120; Injunctions, 32 C. J., section 548; 3. Fraudulent Conveyances, 27 C. J., sections 840, 841.

FROM DICKSON.

Appeal from the Chancery Court of Dickson County. —HON. J. W. STOUT, Chancellor.

HOWARD E. BROWN and J. B. WHITE, for appellant.

F. S. HALL, W. C. COOK, and H. N. LEECH, for appellees.

MR. JUSTICE SWIGGART delivered the opinion of the Court.

The bill in this cause was filed by Oliphant against C. T. Moore and his brother, Alfred Moore, in aid of a suit in the Circuit Court which Oliphant had previously brought against C. T. Moore, to recover damages for malicious prosecution.

The bill avers the fraudulent disposition by C. T. Moore of all his property subject to execution, except a certain house and lot, after the institution of the suit at law, for the purpose of fraudulently defeating any judgment which Oliphant may be able to secure in said action.

In aid of such fraudulent purpose the bill avers the transfer by C. T. Moore to Alfred Moore of real estate in Dickson county, specifically described in the bill, for an inadequate or fictitious consideration.

The bill charges that said conveyance was conceived in fraud and collusion, with particular intent to hinder and defraud complainant in any recovery he may secure against C. T. Moore in his action for malicious prosecution. The averments of fraud are full and complete, involving both defendants as participants therein.

It is averred that unless restrained and enjoined in this action C. T. Moore will sell and convey his house and lot, with the result that, at the termination of the action for malicious prosecution, he will have no property sub-

ject to execution, and that complainant will thereby be irreparably injured and damaged.

The prayer of the bill is for a decree setting aside as fraudulent the conveyance from C. T. Moore to Alfred Moore; for an injunction restraining Alfred Moore from conveying or encumbering the tract of land described in the bill; and for an injunction restraining C. T Moore from conveying or encumbering the house and lot described in the bill, pending final disposition of the action at law.

The bill further prays for writs of attachment on the tract of land and lot described in the bill "as supplemental to the injunctive relief heretofore prayed for."

It is further prayed that in the event complainant's recovery in his action at law be not satisfied, the real estate in question be sold and the proceeds applied to the satisfaction thereof.

Upon the *fiat* of the Chancellor and the execution of a bond in the sum of $500, the writs of injunction and attachment were issued as prayed.

The defendants answered the bill, making specific denial of all allegations of fraud alleged in the bill.

Thereafter, a decree was entered reciting that the cause was heard on defendants' motion to dissolve the injunction theretofore granted, which motion was sustained "for lack of equity on the face of the bill." The decree then adjudged that the injunction be dissolved and the bill dismissed, from all of which the appeal was prayed and granted.

The Chancellor decreed only that the complainant was not entitled to the injunction because his bill was without equity on its face, and the correctness of this action is the only question properly presented by the appeal.

The action of the Chancellor in dismissing the bill followed his conclusion that the facts averred did not entitle the complainant to the injunction, in accord with the practice approved in *Mengle Box Co.* v. *Lauderdale County*, 144 Tenn., 266.

It has been definitely adjudicated in this State that the plaintiff in an action brought to recover damages for a tort committed against him is a creditor of the defendant, within the meaning of that term 'as it is employed in the statute, section 3143 of Shannon's Code (Code of 1858; Section 1759,), denouncing conveyances and transfers of property collusively made with "intent or purpose to delay, hinder or defraud creditors of their just and lawful actions, suits, debts, accounts, damages," etc. *Rosen* v. *Levy*, 120 Tenn., 642, 648; *Farnsworth* v. *Bell*, 5 Sneed, 531; *Patrick* v. *Ford*, 5 Sneed, 532; *Vance* v. *Smith*, 2 Heisk., 343.

The later cases cited are in accord with the holding in *Patrick* v. *Ford*, as follows: "In our view, a conveyance made with the intent to defeat a recovery in damages, for a breach of contract, or for a tortious act to person or property, is as much in contravention of the statute, and equally void, as if the purpose of the deed were to defeat the recovery of a debt, in the proper sense of the term."

The term "creditor" and "debt" are defined in the Uniform Fraudulent Conveyances Act of 1919 (chapter 125), as follows:

"'Creditor' is a person having any claim, whether matured or unmatured, liquidated, or unliquidated, absolute, fixed or contingent.

"'Debt' includes any legal liability, whether matured or unmatured, liquidated or unliquidated, absolute, fixed or contingent."

In the light of these authorities it is clear that with the property conveyed to Alfred Moore remaining in his hands upon the recovery of damages in complainant's action for malicious prosecution against C. T. Moore, the complainant, upon proving the fraudulent conveyance described in the bill and the insolvency of C. T. Moore, would be entitled to set aside the conveyance for fraud and subject the property to the satisfaction of his judgment. This right would, of course, be defeated by the unrestrained conveyance of the property from Alfred Moore to a *bona-fide* purchaser pending the disposition of the action for damages.

The bill avers that the two defendants have already been guilty of positive and overt acts of fraud, and that, unless restrained, C. T. Moore will continue this program of fraud by disposing of his house and lot, so as to leave him with nothing subject to execution, to the irreparable injury of complainant.

That such a state of facts show a case of fraud and wrong to the complainant, from which he is entitled to relief seems to us clear. The injunctive power of the Chancery Court is broad enough to grant this relief to the complainant, in aid of his action at law. This power is expressly conferred upon the court by section 10 of the Fraudulent Conveyances Act (Acts 1919, Chapter 125). It is not necessary on this appeal to determine whether the writ of attachment should have issued, or what further relief the complainant may be awarded in this action. We are clearly of the opinon, however, that the facts averred in the bill entitle him to the temporary injunction as originally issued.

The Chancellor holding the contrary, his decree will be reversed and the cause remanded for further proceedings not inconsistent herewith.