FOSTER, APPELLANT, *v.* GIBSON ET AL., APPELLEES.

(No. 1622—Decided June 10, 1964.)

*Mr. Frank J. Janik*, for appellant.
*Messrs. Severs & Glavas*, for appellees.

HUNSICKER, P. J.   Carl L. Foster lodged in this court an appeal on questions of law, from an order sustaining a demurrer to an amended petition filed by him against Harry E. Gibson and the two sons of Mr. Gibson.   The amended petition alleged that Harry E. Gibson negligently injured Foster in a motor vehicle collision, and then immediately transferred certain real property to his sons, which transfer was constructively fraudulent as to him, since it rendered Harry E. Gibson financially unable to pay Foster's claim for damages.   The amended petition prayed that the deed to the sons of Gibson be set aside, and that Foster be declared to have a valid lien on the land to the extent of any judgment thereafter granted to him.

The judgment entry on which this appeal is based did not dismiss the petition, nor provide for a time within which to further amend the petition.   An oral motion was made to this court, at the time the matter was submitted by way of oral argument, which motion asked this court to dismiss the appeal on the ground that the order sustaining the demurrer was not

a final order within the purview of Section 2505.02, Revised Code.

Ordinarily, where there is leave given to amend, or where the action has not been dismissed in the trial court, there is no ground for appeal, the order not being final within the provisions of Section 2505.02, Revised Code. Here, however, the basis of the order sustaining the demurrer, as set out in the judgment entry of the trial court, is that ''This suit is prematurely filed as plaintiff is not yet a judgment creditor.'' No amendment can change the allegations upon which the demurrer was based, and the effect of that judgment is to end this lawsuit. We must conclude, therefore, that the sustaining of this demurrer did affect a substantial right of the plaintiff, Foster, within the terms of *Schindler* v. *Standard Oil Co.*, 165 Ohio St., 76. The oral motion to dismiss the appeal is denied.

We now consider whether the ruling of the trial court in sustaining the demurrer is correct.

Prior to the adoption of the Fraudulent Conveyances Act, Chapter 1336, Revised Code of Ohio, the law with respect to this subject was found in the case of *Pennell* v. *Walker*, 68 Ohio App., 533 (motion to certify overruled December 24, 1941), wherein the court said:

''1. A person receiving personal injuries as the result of a tort cannot maintain a creditor's bill, or action in the nature of a creditor's bill, to have a conveyance of the tort-feasor's real property set aside and the grantee declared a trustee and enjoined from disposing of the property, without first reducing the tort claim to judgment.

''2. Such a person is not a creditor within the meaning of Section 11106, General Code, until he has reduced his claim to judgment.''

See, also, annotation, 73 A. L. R. (2d), 755, Section 3.

Has this rule now been changed by statutory enactment of a definition of ''creditor'' different from that previously found in the law of Ohio? Section 1336.01 (C), Revised Code, effective October 23, 1961, re-enacted effective January 23, 1963, says:

''(C) 'Creditor' is a person having any claim, whether matured or unmatured, liquidated or unliquidated, absolute, fixed, or contingent.''

The relief sought by the prayer in this case is provided by Section 1336.10, Revised Code, which says:

"Where a conveyance made or obligation incurred is fraudulent as to a creditor whose claim has not matured he may proceed in a court of competent jurisdiction against any person against whom he could have proceeded had his claim matured, and the court may:

"(A) Restrain the defendant from disposing of his property;

"(B) Appoint a receiver to take charge of the property;

"(C) Set aside the conveyance or annul the obligation; or

"(D) Make any order which the circumstances of the case may require."

This statutory definition of "creditor," so far as our research shows, has never been judicially interpreted by the courts in Ohio. Such definition has, however, been interpreted by the courts in other states where the phraseology is identical with that in the Ohio statute. In such cases it is stated that "creditor," within the meaning of a similar Fraudulent Conveyances Act, includes all persons having a valid cause of action arising from torts as well as from contracts. It thus includes one such as the plaintiff, Foster, who has a claim for injuries sustained due to an alleged negligent operation of an automobile by another person, such as the defendant Harry E. Gibson.

*Babcock* v. *Tam*, 156 F. (2d), 116, 117 (interpreting Arizona law); *Malaquias* v. *Novo*, 59 Cal. App. (2d), 225, 138 P. (2d), 729; *Richards* v. *Jones*, 16 Del. Ch., 227, 142 A., 832; *Iden* v. *Huber*, 259 Mich., 3, 242 N. W., 818; *Chorpenning* v. *Yellow Cab Co.*, 113 N. J. Eq., 389, 167 A., 12, affirmed, 115 N. J. Eq., 170, 169 A., 691; *Oliphant* v. *Moore*, 155 Tenn., 359, 293 S. W., 541.

We concur in the conclusions reached by the authorities cited above, and hold that one suing for personal injuries allegedly caused by a defendant's negligent operation of an automobile, is a creditor within the terms of Section 1336.01 (C), Revised Code, and thus is entitled to sue, prior to judgment in the tort action, to set aside a conveyance of lands claimed to have been conveyed for the purpose of preventing a satisfaction of any judgment thereafter obtained in an action for personal injuries.

The judgment sustaining the demurrer herein must be reversed, and the cause remanded to the trial court for further proceedings.

*Judgment reversed and cause remanded.*

DOYLE and STEVENS, JJ., concur.