OPINION
{¶ 1} Appellants, Chateau Estates, Ltd. (hereafter "Chateau"), Helen, LLC. (hereafter "Helen"), Albert Turner, Jr. and Albert Turner, III (hereafter "the Turners"), appeal from the September 7, 2005 decision of the trial court, which overruled their motions for a protective order. We note that the two separate motions for a protective order, one filed by Chateau and Helen jointly, and the other filed by the Turners jointly, were both overruled in the trial court's September 7, 2005 decision and entry.
 {¶ 2} This appeal is but one of many which has arisen from the ongoing litigation between Appellant Chateau and Appellees during the past five years. The underlying dispute in this litigation arises from the Appellees', Non-Employees of Chateau Estates Resident Association (hereafter "Residents"), lawsuit which was brought against Appellant Chateau in the Clark County Municipal Court Case No. 01-CVH-1647 in May of 2001. The Residents brought the lawsuit in order to have the Chateau Estates Mobile Home Park's well and water system replaced, because the existing system was not providing water which met certain State and Federal potable water standards. SeeNon-Employees of Chateau Estates Residents Assoc. v. ChateauEstates, Ltd. (July 9, 2004), Clark App. Nos. 04-CA-19, 04-CA-20, 2004-Ohio-3781 (providing a thorough recitation of the facts and history of the underlying dispute).
 {¶ 3} After many years of litigation before the municipal court, and numerous appeals to this Court, the case before the municipal court appears to be almost completely resolved. The Residents presently have a new well and water system in place which is providing them with potable drinking water.
 {¶ 4} On January 27, 2004, however, the Residents filed a complaint in the Clark County Common Pleas Court alleging that Chateau had fraudulently conveyed assets to Appellant Helen, LLC. The trial court initially granted Chateau's motion to dismiss the case, but on appeal we reversed, and held that the trial court had improperly treated the motion to dismiss as a motion for summary judgment. See Chateau, 2004-Ohio-3781 at ___ 57.
 {¶ 5} After remand, on December 8, 2004, Chateau and Helen filed motions for summary judgment asserting that the Residents had failed to establish themselves as creditors, and thus could not sustain a claim for fraudulent conveyance. On January 13, 2005, the trial court, in a two sentence decision, overruled the motions for summary judgment because it concluded that there were genuine issues of material fact which existed. However, the trial court failed to determine whether or not the Residents were creditors pursuant to R.C. 1336.01 et seq. On May 3, 2005, the Residents filed a request for discovery which asked Appellants to turn over their financial records and tax returns. On July 13, 2005, the Residents filed a motion to compel discovery of the requested documents, which the trial court granted. The Appellants, in response, filed motions for a protective order on August 17, 2005. The trial court overruled the motions on September 7, 2005. Appellants then appealed from the decision overruling their motions for a protective order.
 {¶ 6} The sole issue before the Court is whether the trial court should have granted Appellants' motions for a protective order. Appellants assert three assignments of error in their brief. Because we conclude that the trial court's decision overruling the motions for a protective order was in error we shall reverse and remand for the following reasons.
First Assignment of Error
 {¶ 7} Appellants' first assignment of error is that "The Trial Court erred in ordering discovery of financial records when Plaintiffs-Appellees are not creditors as defined by O.R.C. Section 1336.01 and Plaintiffs-Appellees have not demonstrated a right to payment."
 {¶ 8} A trial court has the inherent power to conduct discovery as it deems appropriate, and its decision to grant or deny a protective order under Civil Rule 26(C) will not be disturbed absent an abuse of discretion. Ruwe v. Board ofSpringfield Twp. Trustees (1987), 29 Ohio St.3d 59. The trial court abuses its discretion when its decision is unreasonable, arbitrary or unconscionable. Castlebrook, Ltd. v. DaytonProperties, Ltd. Partnership (1992), 78 Ohio App.3d 340, 346.
 {¶ 9} Financial records are discoverable when relevant to the issues of the case. See, e.g. Nilavar v. Osborn (2000),137 Ohio App.3d 469, 499 (financial records were the "best source of information regarding Nilavar's claim for lost profits or `anticipated income'"). However, generally Civil Rule 26 does not permit discovery of a defendant's financial records or ability to satisfy a judgment since it is not relevant and will not lead to discovery of admissible evidence. See Van-Am Ins. Co. v.Schiappa (1999), 132 Ohio App.3d 325, 332.
 {¶ 10} The Residents claim that Chateau's transfer of assets to Helen constituted a fraudulent conveyance under the Ohio Uniform Fraudulent Transfer Act (R.C. 1336.01 et seq.). The Residents assert that they are creditors of the Appellants, and thus have standing to challenge the transfer of assets between Chateau and Helen. Further, the Residents assert that as a creditor they are entitled to the financial records of Appellants in order to ascertain whether a fraudulent conveyance occurred.
 {¶ 11} R.C. 1336.04(A) defines a fraudulent conveyance as the following:
 {¶ 12} "(A) A transfer made or an obligation incurred by a debtor is fraudulent as to a creditor, whether the claim of the creditor arose before or after the transfer was made or the obligation was incurred, if the debtor made the transfer or incurred the obligation in either of the following ways:
 {¶ 13} "(1) With actual intent to hinder, delay, or defraud any creditor of the debtor;
 {¶ 14} "(2) Without receiving a reasonably equivalent value in exchange for the transfer or obligation, and if either of the following applies:
 {¶ 15} "(a) The debtor was engaged or was about to engage in a business or a transaction for which the remaining assets of the debtor were unreasonably small in relation to the business or transaction;
 {¶ 16} "(b) The debtor intended to incur, or believed or reasonably should have believed that he would incur, debts beyond his ability to pay as they became due."
 {¶ 17} Whether a fraudulent conveyance has occurred depends on the transferor's (debtor) financial condition after its transfer of assets to a transferee. In the present case, the transfer of assets was from Chateau to Helen, and thus the Turners were neither transferors nor transferees. Therefore, the Residents are not entitled to discovery of the Turners' financial and tax records because their financial condition both before and after the transfer is immaterial for determining whether a fraudulent conveyance occurred.
 {¶ 18} Furthermore, the financial condition of the transferee, Helen, is also immaterial to the determination of whether a fraudulent conveyance occurred. The Residents, in their complaint, claim that as a result of the transfer of assets, Chateau is now unable to fulfill its legal and financial obligations to the Residents. There is no assertion that Helen owes the Residents any legal or financial obligation. Helen is only a party to the action so that if the trial court determines that Chateau's transfer of assets to Helen was fraudulent, then the trial court shall order Helen to return the assets to Chateau. Therefore, because Helen is only the transferee in this conveyance, its financial condition after the conveyance is irrelevant, and the Residents are not entitled to discovery of Helen's financial and tax records.
 {¶ 19} In sum, the trial court erred in overruling the motions for a protective order of Appellants Helen and the Turners, because their financial condition is immaterial to the determination of whether Chateau's transfer of assets to Helen was fraudulent.
 {¶ 20} With respect to the trial court's decision overruling Chateau's motion for a protective order, we conclude that its decision was premature. The Residents' complaint asserts that the transfer of assets from Chateau to Helen is fraudulent because it meets one or more of the requirements of R.C. 1336.04(A). "A transfer made or an obligation incurred by a debtor is fraudulent as to a creditor," if certain conditions are met. R.C. 1336.04 (emphasis added). R.C. 1336.01(D) defines a "creditor" as a "person who has a claim." A "claim" is defined as "a right to payment, whether or not the right is reduced to judgment, liquidated, unliquidated, fixed, contingent, matured, unmatured, disputed, undisputed, legal, equitable, secured, or unsecured." R.C. 1336.01(C).
 {¶ 21} The record indicates that the trial court has not made a determination that the Residents actually have a valid pending claim against Chateau. The Residents assert, in their brief, that they have a "potential claim" because of the possible "adverse health consequences" related to the Residents' consumption of water before the new potable water filtration system was installed. However, the Residents have neither alleged this in their complaint, nor has the trial court made a determination that this is a viable claim. Accordingly, since there has been no determination that the Residents have a valid claim against Chateau, they are not creditors of Chateau, and thus are not entitled to the financial records of Chateau at present. Therefore, we conclude that trial court's decision to deny the protective order was premature because it has not yet specifically determined whether the Residents are creditors of Chateau, which would entitle them to discovery of Chateau's financial and tax records.
 {¶ 22} In sum, the trial court erred in denying Appellants' Helen LLC and the Turners' motions for a protective order, because the Residents are not entitled to discovery of their financial and tax records under any circumstances. Further, the trial court erred in denying Appellant Chateau's motion for protective order without first determining whether the Residents are creditors of Chateau. The Residents are only entitled to discovery of Chateau's financial and tax records if they are "creditors" with a "claim" under R.C. 1336.01 et seq.
Accordingly, Appellants' first assignment of error is well taken and is SUSTAINED.
 {¶ 23} Having sustained Appellants' first assignment of error, it is unnecessary to address the Appellants' other two assignments of error, and they are overruled as moot.
 {¶ 24} Additionally, we note that Appellees, the Residents, filed a motion for attorney fees on October 11, 2005, and filed a supplemental memorandum in support of that motion on June 29, 2006. Appellees assert that they are entitled to attorney fees because Appellants' notice of appeal is frivolous. However, having determined that the trial court erred in overruling Appellants' motions for a protective order it is clear that the notice of appeal in this case was not frivolous. Accordingly, Appellees' motion for attorney fees is OVERRULED.
 {¶ 25} This matter is REVERSED and REMANDED for proceedings consistent with this opinion.
Wolff, J. and Fain, J., concur.
(Hon. George M. Glasser retired from the Sixth District Court of Appeals sitting by assignment of the Chief Justice of the Supreme Court of Ohio).