OPINION
{¶ 1} Appellants Chateau Estates, Ltd., Helen, LLC, Albert Turner, Jr., and Albert Turner III appeal from the trial court's June 29, 2007 entry sustaining a motion to compel *Page 2 
discovery filed by appellees Chateau Estates Resident Association and numerous individual residents of the Chateau Estates mobile-home park.[1]
 {¶ 2} The appellants advance five assignments of error on appeal. First, they contend the trial court erred in sustaining a motion to compel discovery when no motion was pending. Second, they claim the trial court erred in sustaining a motion to compel when the discovery at issue was subject to a protective order. Third, they assert that the trial court erred in compelling discovery absent a finding that the appellees were creditors. Fourth, they argue that the trial court erred in compelling discovery absent a showing that Chateau Estates, Ltd. is insolvent. Fifth, they contend the trial court erred in compelling discovery of records involving matters already litigated in a related case.
 {¶ 3} The present appeal is the latest round in a seven-year saga involving the parties. Their dispute began in 2001 when the appellees sued in Clark County Municipal Court seeking to have Chateau Estates, Ltd. replace its mobile-home park's well and water system. The municipal court found that the existing system was not providing potable water, and Chateau Estates, Ltd. ultimately replaced it. While the municipal court litigation was proceeding, the appellees commenced the present common pleas court action in January 2004, alleging that Chateau Estates, Ltd. fraudulently had conveyed certain assets to Helen, LLC and the Turners to shield those assets from the municipal court case.
 {¶ 4} This fraudulent-conveyance action has its own lengthy history involving a discovery dispute. In May 2005, the appellees requested discovery from the appellants including financial records and tax returns. Thereafter, in June 2005, the appellees moved *Page 3 
to compel discovery of the requested documents. The appellants responded with motions for a protective order. The trial court refused to grant a protective order and sustained the motion to compel.
 {¶ 5} On appeal, we held that the trial court had erred in denying the protective-order motions filed by Helen, LLC and the Turners.Non-Employees of Chateau Estates Resident Assn., et al. v. ChateauEstates, Ltd., et al., Clark App. No. 2005 CA 109, 2006-Ohio-3742, ¶ 18. In our July 21, 2006 ruling, we noted that the relevant issue was the financial condition of Chateau Estates, Ltd., the alleged transferor-debtor in this fraudulent-conveyance action. Because Helen, LLC and the Turners had no legal or financial obligation to the appellees and had not been the transferors of any assets, we held that the appellees "are not entitled to discovery of their financial and tax records under any circumstances." Id. at ¶ 22. With regard to Chateau Estates, Ltd., we concluded that the trial court's denial of a protective order was premature. Absent a determination by the trial court that the appellees qualified as "creditors" under R.C. 1336.01, et seq., the fraudulent-conveyance statute, we reasoned that the appellees were not entitled to discovery. Id. at ¶ 20-22.
 {¶ 6} Following our ruling, the appellees filed an April 12, 2007 motion for confirmation of their status as creditors and for an order requiring discovery. The appellees claimed they were creditors by virtue of (1) a $4,011.60 judgment for attorney fees they obtained in the municipal court case, (2) a pending claim for post-judgment interest in the municipal court case, and (3) unfiled claims for injuries possibly caused by exposure to toxic water at the mobile-home park. On May 17, 2007, the trial court sustained the appellees' motion, reasoning as follows:
 {¶ 7} "In a decision dated March 19, 2007, by a Magistrate of the Clark County *Page 4 
Municipal Court, Plaintiffs were awarded attorney fees in the amount of $4,011.60. This decision was not appealed and has not been paid. This unpaid amount is a fixed claim within the meaning of Section 1336.01(C) of the Ohio Revised Code.
 {¶ 8} "Therefore, the Court finds the Plaintiffs to be creditors of the defendants and ORDERS defendants to respond to plaintiffs' discovery request within fourteen days or be subject to sanctions."
 {¶ 9} The appellants subsequently moved to dismiss the appellees' complaint based in part on Chateau Estates, Ltd.'s satisfaction of the attorney-fee award. The appellees filed a memorandum in opposition, arguing that they remained creditors for the other two reasons cited above. In their memorandum, the appellees also asked the trial court "to reaffirm its most recent order which required Defendants to provide discovery." The trial court overruled the appellants' motion to dismiss without explanation on June 29, 2007. With regard to discovery, the trial court's entry stated, in relevant part: "Plaintiffs' motion to compel discovery is SUSTAINED. By way of Entry dated May 17, 2007, the Court Ordered defendants to complete discovery within fourteen days or be subject to sanctions. As of June 8, 2006, the date plaintiffs filed their memorandum in opposition to the motion to dismiss, defendants had failed to complete discovery as Ordered by the Court. * * *."
 {¶ 10} Chateau Estates, Ltd., Helen, LLC, and the Turners have appealed from the trial court's June 29, 2007 discovery ruling. In their first assignment of error, they contend the trial court erred in sustaining a motion to compel discovery when no motion was pending. Having reviewed the record, we find this argument to be without merit.
 {¶ 11} On April 12, 2007, the appellees moved for confirmation of their status as creditors and for an order "requiring" discovery. In the body of their motion, the appellees *Page 5 
specifically asked the trial court "to compel Defendants to provide discovery as lawfully requested * * *." The trial court sustained the motion on May 17, 2007. After failing to receive the discovery, the appellees filed a June 8, 2007 memorandum wherein they asked the trial court to "reaffirm its most recent order which required Defendants to provide discovery." The trial court's June 29, 2007 entry compelling discovery was in response to this request for reaffirmation of its earlier order.
 {¶ 12} The appellants technically are correct that no motion to compel discovery was pending on June 29, 2007. The trial court already had sustained the appellees' motion to compel on May 17, 2007. Nevertheless, we fail to see how the appellants were prejudiced by the trial court's June 29, 2007 entry reaffirming its prior ruling and again compelling discovery. If anything, the appellants benefitted from the trial court's June 29, 2007 order. On October 4, 2007, we held that the trial court's June 29, 2007 ruling compelling discovery was a final order subject to immediate appeal. If we were to vacate the June 29, 2007 ruling on the basis that no motion to compel was pending on that date, the trial court's May 17, 2007 order compelling discovery would remain in effect. The appellants would be unable to appeal the trial court's May 17, 2007 discovery order, however, because the time for doing so has passed. By filing its June 29, 2007 entry and again compelling discovery, the trial court actually aided the appellants by issuing a final order from which they could file a timely appeal. Therefore, the appellants' first assignment of error is overruled.
 {¶ 13} In their second assignment of error, the appellants claim the trial court erred in sustaining a motion to compel when the discovery at issue was subject to a protective order. This argument implicates our July 21, 2006 ruling wherein we held (1) that the appellees were not entitled to discovery of the tax and financial records of Helen, LLC *Page 6 
and the Turners "under any circumstances" and (2) that the appellees were not entitled to discovery of the tax and financial records of Chateau Estates, Ltd. absent a determination that the appellees met the definition of "creditors" under the fraudulent-conveyance statute.
 {¶ 14} On appeal, the appellants contend the trial court's June 29, 2007 entry ignores the foregoing ruling. They first note that the trial court compelled them to provide discovery despite our holding that the tax and financial records of Helen, LLC and the Turners were not subject to discovery "under any circumstances." In response, the appellees make a semantic argument, pointing out that the trial court generically ordered the appellants to provide "discovery," without specifically ordering the disclosure of tax and financial records belonging to Helen, LLC and the Turners.
 {¶ 15} Upon review, we conclude that the trial court's June 29, 2007 entry violates our July 21, 2006 ruling with regard to Helen, LLC and the Turners. When the trial court compelled the "defendants" collectively to provide discovery, we presume from its use of the plural form of the word that it was referring to all four defendants in this case, Chateau Estates, Ltd., Helen, LLC, Albert Turner, Jr., and Albert Turner III. Moreover, although the trial court's June 29, 2007 entry did not specifically mention tax and financial records, we note that the appellees' motion to compel, which the trial court sustained, referred to nothing but discovery of "information about Defendants' financial condition." See Memorandum in Support of Motion to Compel, Doc. #74. Therefore, by sustaining the appellees' motion and compelling the defendants to provide discovery, the trial court necessarily ordered Chateau Estates, Ltd., Helen, LLC, Albert Turner, Jr., and Albert Turner III to turn over their tax and financial records. This order violates our July 21, 2006 holding that the appellees are not entitled to discovery of the tax and financial records of *Page 7 
Helen, LLC and the Turners "under any circumstances." Therefore, the trial court erred insofar as it compelled Helen, LLC and the Turners to provide such discovery.
 {¶ 16} As for Chateau Estates, Ltd., the appellants note that we precluded discovery absent a determination by the trial court that the appellees qualified as "creditors" under the fraudulent-conveyance statute. Following our ruling, the trial court filed its May 17, 2007 entry and did declare the appellees to be creditors due to a $4,011.60 attorney-fee judgment they obtained against Chateau Estates, Ltd. in the municipal-court action. The appellants point out, however, that Chateau Estates, Ltd. satisfied the judgment prior to the trial court's June 29, 2007 entry compelling discovery. Therefore, they argue that the appellees no longer qualified as creditors and that the trial court violated our July 21, 2006 ruling by compelling discovery.
 {¶ 17} Upon review, we decline to find that the trial court violated our ruling. In our July 21, 2006 ruling, we held only that the trial court had acted prematurely in compelling discovery absent a determination that the appellees were "creditors" under the applicable statute. Before issuing its subsequent June 29, 2007 order compelling discovery, the trial court did find that the appellees qualified as creditors. Therefore, it complied with the language of our July 21, 2006, ruling. The correctness of the trial court's creditor determination, and the impact of Chateau Estates, Ltd.'s payment of the attorney-fee judgment, are issues more properly addressed under the third assignment of error, infra. Based on the reasoning set forth above, the second assignment of error is sustained insofar as the appellants contend the trial court violated our July 21, 2006 ruling by compelling Helen, LLC and the Turners to provide discovery. The second assignment of error is overruled insofar as the appellants contend the trial court violated our July 21, 2006 ruling by compelling Chateau Estates, Ltd. to provide discovery. *Page 8 
 {¶ 18} In their third assignment of error, the appellants contend the trial court erred in compelling discovery absent a finding that the appellees were creditors. Although the trial court actually had found the appellees to be creditors on May 17, 2007 by virtue of the $4,011.60 attorney-fee judgment, the appellants stress that Chateau Estates, Ltd. paid the judgment before the trial court's June 29, 2007 ruling. Therefore, they argue that the appellees no longer qualified as creditors under the fraudulent-conveyance statute.
 {¶ 19} For their part, the appellees do not dispute that Chateau Estates, Ltd. satisfied the judgment prior to June 29, 2007, a fact confirmed by the record. Nevertheless, they contend the trial court's May 17, 2007 creditor determination remained in effect because the appellants never appealed from it. We disagree. Rather than appealing from the trial court's May 17, 2007 finding that the appellees were creditors by virtue of the $4,011.60 attorney-fee award, Chateau Estates, Ltd. simply paid the judgment. Once the judgment was satisfied, the factual basis relied on by the trial court for its creditor determination no longer existed. Therefore, we reject the appellees' argument that the now-satisfied judgment for attorney fees confers "creditor" status upon them.
 {¶ 20} This does not end our inquiry, however, because the appellees gave the trial court two additional reasons why they qualified as creditors under the fraudulent-conveyance statute. Although the trial court did not address these arguments, we may affirm a correct judgment based on alternative grounds raised below. See, e.g., Joyce v. GeneralMotors Corp. (1990), 49 Ohio St.3d 93, 96 ("We have consistently held that a reviewing court is not authorized to reverse a correct judgment merely because erroneous reasons were assigned as the basis thereof."). Therefore, we will consider the two alternative grounds for creditor status raised by the appellees in the trial court. *Page 9 
 {¶ 21} First, the appellees argued below that they were creditors because they were entitled to post-judgment interest in the municipal court case. The record reflects, however, that the municipal court subsequently denied their motion for post-judgment interest. Thus, the appellees appear to have abandoned this argument on appeal.
 {¶ 22} Second, the appellees argued below, and assert on appeal, that they were creditors because they had viable causes of action for adverse health effects linked to their exposure to arsenic in the mobile-home park's drinking water. In response, the appellants characterize such claims as "speculative." They stress that no causes of action for adverse health effects have been filed, that no such claims have been litigated resulting in any payment due from Chateau Estates, Ltd., and that no evidence has been presented establishing a causal connection between any of the appellees' health problems and exposure to arsenic. In light of these facts, the appellants argue that the appellees do not qualify as creditors under the fraudulent-conveyance statute.
 {¶ 23} Upon review, we find the appellees' argument based on potential adverse health effects to be unpersuasive — at least at this time. The fraudulent-conveyance statute defines a "creditor" as "a person who has a claim." R.C. 1336.01(D). A "claim" is defined as "a right to payment, whether or not the right is reduced to judgment, liquidated, unliquidated, fixed, contingent, matured, unmatured, disputed, undisputed, legal, equitable, secured, or unsecured." R.C. 1336.01(C). In Stein v. Brown (1985), 18 Ohio St.3d 305, 308, the Ohio Supreme Court held that "[a]n individual possessing a cause of action in tort is a `creditor' within the meaning of R.C. 1336.01(C) and has the right to question an alleged fraudulent conveyance." The Stein court determined that "a tort claimant becomes a creditor within the meaning of R.C. 1336.01(C) at the moment in which the cause of action accrues." Id. *Page 10 
 {¶ 24} In its analysis, the Ohio Supreme Court cited with approvalFoster v. Gibson (1964), 120 Ohio App. 235. In that case, the Ninth District considered whether a plaintiff suing for injuries allegedly caused by the defendant's negligent operation of an automobile qualified as a "creditor" under the fraudulent-conveyance statute. TheFoster court reasoned:
 {¶ 25} "[The] statutory definition of `creditor,' so far as our research shows, has never been judicially interpreted by the courts in Ohio. Such definition has, however, been interpreted by the courts in other states where the phraseology is identical with that in the Ohio statute. In such cases it is stated that `creditor,' within the meaning of a similar Fraudulent Conveyances Act, includes all persons having a valid cause of action arising from torts as well as from contracts. It thus includes one such as the appellant, Foster, who has a claim for injuries sustained due to an alleged negligent operation of an automobile by another person, such as the appellee, Harry E. Gibson. [citations omitted].
 {¶ 26} "We concur in the conclusions reached by the authorities cited above, and hold that one suing for personal injuries allegedly caused by a defendant's negligent operation of an automobile, is a creditor within the terms of section 1336.01(C) R.C., and thus entitled to sue, prior to judgment in the tort action, to set aside a conveyance of lands claimed to have been conveyed for the purpose of preventing a satisfaction of any judgment thereafter obtained in an action for personal injuries." Id. at 237.
 {¶ 27} In light of Stein and Foster, we conclude, as we did in our July 21, 2006 ruling, that the appellees' assertion of creditor status based on causes of action arising from negative health effects linked to arsenic exposure is premature. In our prior ruling, we reasoned:
 {¶ 28} "The record indicates that the trial court has not made a determination that *Page 11 
the Residents have a valid pending claim against Chateau. The Residents assert, in their brief, that they have a `potential claim' because of the possible `adverse health consequences' related to the Residents' consumption of water before the new potable water filtration system was installed. However, the Residents have neither alleged this in their complaint, nor has the trial court made a determination that this is a viable claim. Accordingly, since there has been no determination that the Residents have a valid claim against Chateau, they are not creditors of Chateau, and thus are not entitled to the financial records of Chateau at present."
 {¶ 29} Virtually nothing has changed since our July 21, 2006 decision with regard to the appellees' assertion of creditor status based on their exposure to contaminated water. The appellees still have not filed any causes of action for adverse health effects. Nor have they presented any evidence of a causal connection between their exposure to arsenic and any adverse health consequences they have suffered. In their brief, the appellees themselves concede that they may not experience any adverse health effects for as long as twenty to forty years, if ever.
 {¶ 30} Although the appellees need not obtain a judgment in order to be creditors under the fraudulent-conveyance statute, Stein makes clear that they most possess a "claim," which, under R.C. 1336.01(C) andStein, may include a disputed right to payment in the form of a viable lawsuit. As noted above, "a tort claimant becomes a creditor within the meaning of R.C. 1336.01(C) at the moment in which the cause of action accrues." Stein, 18 Ohio St.3d at 308. In the present case, however, the record fails to demonstrate that the appellees possess a viable cause of action in tort.[2] To date, nothing before us *Page 12 
demonstrates that the appellees have been injured by Chateau Estates, Ltd. They have not alleged such an injury in a tort claim filed in this action or, to our knowledge, anywhere else. In their appellate brief, they discuss potential claims and warn of possible future injuries. As we did in our July 21, 2006 ruling, we find, based on essentially the same record, that the appellees have not sufficiently established their status as creditors with an existing claim to warrant discovery of Chateau Estates, Ltd.'s financial and tax records. Therefore, the trial court erred in compelling discovery, at least at this time. The appellants' third assignment of error is sustained.
 {¶ 31} In their fourth assignment of error, the appellants contend the trial court erred in compelling discovery absent a showing that Chateau Estates, Ltd. is insolvent. They also argue that the appellees cannot obtain discovery without identifying a debt that has not been paid.
 {¶ 32} The first argument has a ring of circularity. The appellants contend discovery regarding Chateau Estates, Ltd.'s solvency is improper without a showing that Chateau Estates, Ltd. is insolvent. In support, they cite Wooten v. Kreischer, 162 Ohio App.3d 534, 2005-Ohio-4078, a case that has nothing to do with discovery. In Kreischer, the Fifth District recognized that insolvency must be shown in order toprevail on a fraudulent-conveyance claim. Id. at 542-543. It says nothing about what is needed to obtain discovery.
 {¶ 33} We are equally unpersuaded by the argument that discovery is improper unless the appellees can point to a debt that has not been paid. As we explained in our analysis of the third assignment of error, the appellees are entitled to discovery if they *Page 13 
qualify as "creditors." The fraudulent-conveyance statute defines a creditor as "a person who has a claim." R.C. 1336.01(D). A "claim" is "a right to payment, whether or not the right is reduced to judgment, liquidated, unliquidated, fixed, contingent, matured, unmatured, disputed, undisputed, legal, equitable, secured, or unsecured. R.C. 1336.01(C). Under the statute, the appellees need not establish an existing unpaid debt to obtain discovery. Accordingly, the fourth assignment of error is overruled.
 {¶ 34} In their fifth assignment of error, the appellants contend the trial court erred in compelling discovery of records that pertain to matters previously litigated in the municipal-court action. Specifically, the appellants argue that res judicata precludes the appellees from obtaining discovery that either was, or could have been, obtained in the municipal-court case.
 {¶ 35} This argument lacks merit for at least two reasons. First, the appellants failed to raise their res judicata argument below in opposition to the appellees' April 12, 2007 motion to compel or the appellees' June 8, 2007 request for the trial court to reaffirm its order compelling discovery. It is axiomatic that a party cannot raise new arguments for the first time on appeal. State ex rel. Gutierrez v.Trumbull Cty. Bd. Of Elections (1992), 65 Ohio St.3d 175, 177;Miller v. Wikel Mfg. Co., Inc. (1989), 46 Ohio St.3d 76, 78. Second, we find res judicata to be inapplicable in any event. The appellants cite no authority for the proposition that the availability of discovery in one case precludes discovery in a separate, albeit related, action involving different claims and issues. The fifth assignment of error is overruled.
 {¶ 36} Having sustained the appellants' second assignment of error in part and the third assignment of error in its entirety, we hereby reverse the trial court's June 29, 2007 judgment entry insofar as it granted a motion to compel discovery filed by the appellees. *Page 14 
WOLFF, P.J., and FAIN, J., concur.
Copies mailed to:
John R. Ruffolo Barry W. Mancz Daniel C. Harkins Hon. Douglas M. Rastatter
[1] The trial court's June 29, 2007 entry included several other rulings adverse to the appellants. In an October 4, 2007 decision and entry, we held that the only aspect of the trial court's ruling subject to immediate appeal was its discovery order. Consequently, we will not review the other issues addressed by the trial court.
[2] We note that when a plaintiff's injury does not manifest itself immediately, no cause of action accrues until the plaintiff knows or, in the exercise of reasonable diligence should have known, that he has been injured by the defendant. O'Stricker v. Jim Walter Corp. (1983),4 Ohio St.3d 84, 90; see also Liddell v. SCA Services of Ohio, 70 Ohio St.3d 6,13, 1994-Ohio-328. *Page 1