OPINION
{¶ 1} Margaret Klein appeals from a final judgment and decree of divorce entered by the Montgomery County Court of Common Pleas, Domestic Relations Division, which incorporated a separation agreement she had previously signed. Mrs. Klein had argued, *Page 2 
unsuccessfully, that the separation agreement was invalid and unenforceable.
 {¶ 2} Stephen and Margaret Klein were married on May 12, 2004. In September 2006, Mr. Klein, an attorney who practices in the area of domestic relations, presented Mrs. Klein with a separation agreement. After consulting with an attorney, Mrs. Klein signed the agreement.
 {¶ 3} The separation agreement provided that Mrs. Klein would receive $5,000 upon execution of "all necessary documents," $5,000 when she moved out of the house, and $3,000 (less Mrs. Klein's annual car insurance payment) when the decree of divorce was filed. Mrs. Klein signed the separation agreement with minor modifications, including a change that required Mr. Klein to pay the first $5,000 to Mrs. Klein when she signed the separation agreement. The agreement permitted Mrs. Klein to take any personal property from the parties' homes that she wanted. It also designated which cars the parties were to receive and provided that the parties would receive no interest in one another's life insurance, retirement accounts, or social security benefits. Mr. Klein made all of the payments required under the agreement.
 {¶ 4} After the separation agreement was signed, Mr. Klein filed a complaint for divorce in the trial court, seeking to incorporate the separation agreement. Mrs. Klein filed an Answer and Counterclaim in which she disputed that the parties had reached an agreement as to the division of assets. Mr. Klein eventually offered Mrs. Klein additional sums to withdraw her answer and counterclaim, to sign the Final Judgment and Decree of Divorce, and to sign the parties' final tax return.
 {¶ 5} The trial court conducted a hearing regarding the separation agreement at which both parties testified. The court concluded that the separation agreement was valid and *Page 3 
enforceable. Thereafter, the court filed a final judgment and decree of divorce that incorporated the separation agreement.
 {¶ 6} A trial court's approval of a separation agreement and incorporation of the agreement into a divorce decree is reviewed for abuse of discretion. See Schneider v. Schneider (1996),110 Ohio App.3d 487, 491, 674 N.E.2d 769. A separation agreement is a contract, and theories of contract law govern its validity. See Pohl v. Pohl, Montgomery App. No. 20001, 2004-Ohio-3790. Such settlements are favored in the law, and neither a change of heart nor poor legal advice is a ground to set aside a settlement agreement.
 {¶ 7} Zamonski v. Wan, Montgomery App. No. 19392, 2003-Ohio-780.
 {¶ 8} With this standard of review in mind, we turn to Mrs. Klein's three assignments of error on appeal. Mrs. Klein's first assignment of error states:
 {¶ 9} "THE COURT ERRED IN NOT FINDING THE AGREEMENT ITSELF WAS NOT VALID AND ENFORCEABLE."
 {¶ 10} Under this assignment of error, Mrs. Klein claims, citing R.C. 3103.06, that the separation agreement was not valid and enforceable because the parties continued to live together after the agreement was signed. R.C. 3103.06 provides: "A husband and wife cannot, by any contract with each other, alter their legal relations, except that they may agree to an immediate separation and make provisions for the support of either of them and their children during the separation."
 {¶ 11} Mrs. Klein did not raise this argument in the trial court. Generally, a party cannot assert new legal theories for the first time on appeal. Non-Employees of Chateau Estates Resident Assoc. v. ChateauEstates, Ltd., Clark App. No. 2007-CA-81, 2008-Ohio-5463. See, *Page 4 
also, State ex rel. Gutierrez v. Trumbull Cty. Bd. Of Elections (1992),65 Ohio St.3d 175, 177, 602 N.E.2d 622; Stores Realty Co. v.Cleveland (1975), 41 Ohio St.2d 41, 43, 322 N.E.2d 629. Thus, we need not consider this argument.
 {¶ 12} Moreover, we note that the evidence offered on this point was conflicting. The separation agreement was signed on September 18, 2006, and it is undisputed that Mrs. Klein relocated to California sometime in October. Mrs. Klein claimed that the parties had continued to live together for several weeks after the separation agreement was signed, during which time she had been locked out of the bedroom and had slept on the floor. But Mr. Klein stated that he had spent a week during that period on a fishing trip to North Carolina, and that Mrs. Klein had spent significant amounts of time at their lake condo with friends and in Philadelphia before moving to California. The trial court concluded that Mr. Klein was "the more credible witness" based on Mrs. Klein's "demeanor on the stand, her inconsistencies, inaccuracies, lack of memory, candor, and her reported actions." We will not second guess the trial court's determinations about the credibility of the witnesses. SeeSeasons Coal Co., Inc. v. Cleveland (1984), 10 Ohio St.3d 77, 80,461 N.E.2d 1273; Glisson v. Glisson, Darke App. No. 1728, 2008-Ohio-4534, ¶ 28. The evidence presented, and the trial court's express view of its credibility, supported the conclusion that the parties did not live together in any meaningful way after the separation agreement was signed. Thus, if this argument had been raised in the trial court, we believe that the court would have rejected it.
 {¶ 13} Mrs. Klein has also relied on Schaum v. Schaum (Nov. 17, 1978), Greene App. No. 999. This reliance is misplaced. In Schaum, the parties continued to live together for fifteen months after signing the separation agreement, and they had not performed under the *Page 5 
agreement "in any respect." These facts clearly are not analogous to the facts at hand.
 {¶ 14} The first assignment of error is overruled.
 {¶ 15} Mrs. Klein's second assignment of error states:
 {¶ 16} "AS A MATTER OF LAW, THE SEPARATION AGREEMENT SIGNED BY THE PARTIES WAS INVALID SINCE THE HUSBAND FAILED TO DISCLOSE THE TRUE VALUE OF HIS ASSETS."
 {¶ 17} Mrs. Klein claims that the separation agreement should have been voided because Mr. Klein did not disclose the value of his Merrill Lynch annuity to her or her attorney until after the separation agreement had been signed. Mrs. Klein does not specifically allege that she did not know the value of the annuity.
 {¶ 18} The trial court rejected this argument. Mrs. Klein was represented by an attorney, and the annuity was specifically referenced in the agreement, yet she did not ask about the value of the annuity before signing. The trial court did not credit Mrs. Klein's assertion that she had not known the value of the annuity when making her decision. Further, the trial court concluded that the separation agreement was "fair, just and equitable" to Mrs. Klein. In fact, it found that "it is more probable than not that [Mrs. Klein] may have had a worse result if there had been no separation agreement."
 {¶ 19} Based on the evidence presented, the trial court reasonably concluded that Mrs. Klein possessed all of the information necessary to make an informed decision about signing the separation agreement, even if specific information about the value of the annuity was not presented to her attorney.
 {¶ 20} The second assignment of error is overruled. *Page 6 
 {¶ 21} Mrs. Klein's third assignment of error states:
 {¶ 22} "AS A MATTER OF LAW, THE SEPARATION AGREEMENT SIGNED BY THE PARTIES WAS INVALID SINCE THE WIFE INVOLUNTARILY ACCEPTED THE TERMS OF THE AGREEMENT UNDER DURESS."
 {¶ 23} Mrs. Klein contends that the separation agreement was unenforceable because she signed it under duress. She claims that she would not have been able to survive, financially, if she had not signed the agreement, and thus did not really have a choice.
 {¶ 24} This assignment of error again turns on the credibility of the witnesses. Mrs. Klein testified that Mr. Klein threatened to kick her out of the house without the funds to survive if she did not sign the agreement. She asserted that Mr. Klein had cut off her access to credit cards and that she did not have a meaningful opportunity to consult with an attorney who had not been influenced by him. Mr. Klein disputed these claims. He said that he had talked with other divorce attorneys to determine what amount of temporary support Mrs. Klein was likely to receive and had based his settlement offer on those conversations. He also stated that he had paid off Mrs. Klein's credit cards before she moved out so that she had credit available to her. He denied exerting any undue influence on Mrs. Klein's choice of attorney or having any inappropriate contact with her attorney.
 {¶ 25} The trial court credited Mr. Klein's evidence and concluded that the agreement was "voluntary, fair, just and equitable." The court noted that all of the real estate and "substantial assets" of the parties were brought into the marriage by Mr. Klein, the parties did not accumulate any substantial assets during the marriage, Mrs. Klein had been self-sufficient before the marriage, she left the marriage without any marital debt, the personal property was *Page 7 
divided to her satisfaction, and she received "substantial cash." The court concluded that Mrs. Klein had "reneged" on her agreement, rather than having been forced into it.
 {¶ 26} We note that the trial court cited numerous bases for its decision to credit Mr. Klein's testimony and its conclusion that the separation agreement was fair and equitable. The trial court's conclusions were reasonable, and we will not disturb them on appeal.
 {¶ 27} The third assignment of error is overruled.
 {¶ 28} The judgment of the trial court will be affirmed.
BROGAN, J. and FAIN, J., concur.
Copies mailed to:
Mary M. Freiberger
Marc N. Greenberg
 Hon. Stephen Yarbrough *Page 1